## LUMBER COMPANY v. RAILROAD.

(Filed December 11, 1906).

*Railroads—Fires—Defective Spark-arresters—Foul Right-of-way—Negligence—Burden of Proof.*

1. Where fire is set out by sparks from a defective engine, or one not having a proper spark-arrester, or because operated in a careless manner, the company is liable for the negligence, whether the fire originates on or off the right-of-way.

2. Where the engine is properly operated, is not defective, and has a proper spark-arrester, but fire originates on the right-of-way because it is in a foul or neglected condition, the company is liable.

3. In an action for damages for negligently setting fire to plaintiff's lumber by sparks from defendant's engine, the Court properly charged that if the fire was set out by the engine, the burden was on the defendant to show that it was equipped with a proper spark-arrester—a matter peculiarly within its knowledge.

ACTION by North Fork Lumber Company against Southern Railway Company, heard by *Judge O. H. Allen* and a jury, at the September Term, 1906, of the Superior Court of BUNCOMBE. From judgment for the plaintiff, the defendant appealed.

*Charles E. Jones* and *Zebulon Weaver* for the plaintiff.
*Moore & Rollins* and *C. A. Webb* for the defendant.

CLARK, C. J. A pile of lumber belonging to the plaintiff was burned while under a shed on the defendant's right-of-way. The side of the shed next to the railroad track was open, and the eaves were about the height of the smokestack of a locomotive. The public and the defendant used the shed for loading and unloading, and not long before this fire others than the plaintiff had used it for a workshop, and some shavings had accumulated there. It was in evidence that the defendant's locomotive passed, throwing a great many sparks

and of unusual size, much larger than would be thrown by an engine with a proper spark-arrester. Within fifteen or twenty minutes after this locomotive passed, fire was first seen, and it was burning among the shavings. It is not shown that either the plaintiff or the defendant had actual knowledge that the shavings were under the shed, but "any one passing along the road could have seen them."

The liability of railroads for setting out fire is summed up under three heads in *Williams v. Railroad,* 140 N. C., 624; but, indeed, it may be stated under two, to-wit:

1. When the fire is set out by sparks from a defective engine, or one not having a proper spark-arrester, or because operated in a careless manner, the company is liable for the negligence, whether the fire originates on or off the right-of-way.

2. Where the engine is properly operated, is not defective, and has a proper spark-arrester, but fire originates on the right-of-way because it is in a foul or neglected condition, the company is liable.

In the present case the Judge charged that if the state of facts, stated under the first head, occurred, to-wit, that the sparks were emitted by a defective spark-arrester, the jury should find the first issue "Yes." The jury so found. We do not see that the defendant has any cause to complain that the second head, the alleged negligence from allowing the accumulation of shavings on the right-of-way, was not also presented. The plaintiff alone could complain of that. If the fire was set by reason of a defective spark-arrester, it was immaterial whether or not the defendant allowed an accumulation of inflammable material on the right-of-way. Under the charge of the Court on the second issue, the jury found that the plaintiff was not responsible for the accumulation of shavings, or, if it was, that the proximate cause was the defective spark-arrester.

· The Court properly charged that if the fire was set out by the locomotive, the burden was on the defendant to show that it was equipped with a proper spark-arrester—a matter peculiarly within its knowledge. 13 A. and E. (2 Ed.), 498, which cites the English, Federal and State cases.

No Error.