This is an action to recover damages for the destruction by fire of the lumber plant of the plaintiff, on Sunday, 20 May, 1910.
At the conclusion of the evidence the defendant moved for (421) judgment of nonsuit, which was denied, and the defendant excepted.
The defendant requested the court to give the following instructions, which were refused, and the defendant excepted:
"That although from the evidence introduced by the plaintiff, which raises the presumption of negligence, that the defendant did set fire to the property of the plaintiffs, yet the court charges you that, upon all the evidence introduced, you would not be warranted in charging the defendant with actionable negligence; and this is so because the plaintiffs have done nothing more than to introduce evidence tending to show presumptive negligence, which is rebuttable, and the defendant having introduced uncontradicted evidence to rebut that presumption, the plaintiffs cannot recover, because they have failed to go further and show, by additional evidence, that there was actual negligence, as alleged in the complaint."
"If the jury believe the uncontradicted evidence of the defendant's witnesses, the engines from which the damage is alleged to have come was in good condition and had a proper spark arrester and other appliances to prevent the escape of fire, and was skillfully operated and managed by a competent engineer, and the jury should answer the second issue, `Yes'"
The defendant also excepted for that his Honor charged the jury on the second issue as follows: "Upon this issue the burden of proof is upon defendant to show by the greater weight of the evidence that at the time of the escape of sparks it had a proper spark arrester and other appliances to prevent the escape of sparks, such as are approved and in *Page 340 
general use at the time, and that the engine and appliances were in good condition and operated in a careful way by a skillful and competent engineer."
The following verdict was returned by the jury:
1. Was the property of the plaintiffs, referred to in the complaint, set on fire and burned by sparks from the defendant's engine at the time alleged in the complaint? Answer: Yes.
(422) 2. If so, did said engines of the defendant, at the time of the escape of said sparks, have proper spark arresters and other appliances to prevent the escape of sparks, approved and in general use at said time, and were said engines and appliances in good condition and operated in a careful way by skillful and competent engineers? Answer: No.
3. Were the plaintiffs guilty of contributory negligence, as alleged in the answer? Answer: No.
4. What damage, if any, are the plaintiffs entitled to recover of the defendant? Answer: $10,000.
There was judgment in favor of the plaintiffs, and the defendant excepted and appealed.
Three questions are presented by this appeal: (1) That there was error in imposing the burden of proof on the defendant on the second issue. (2) That if the burden of proof was on the defendant, it was by reason of the presumption arising from proof that the defendant destroyed the property of the plaintiffs by fire, and that this was a presumption of law and not of fact; and that when evidence was offered rebutting the presumption, it was error to leave the question to the jury, in the absence of other evidence of negligence, and that it ought to have been decided as matter of law by the court. (3) That it was error to refuse to nonsuit the plaintiffs on all the evidence.
(1) The learned counsel for the defendant urges with much force on the consideration of the Court several cases in our own reports holding that the burden of proof is on the plaintiff as to negligence, and that while the duty of proceeding with the evidence may shift from one party to the other, the burden of the issue does not shift; and he insists, on the authority of these cases, that there was error in holding that the burden on the second issue was on the defendant.
An examination of these decisions will show that in all of them one issue was submitted to the jury to determine the liability of the (423) defendant, and that this issue embraced two facts: the origin of the fire, and the negligence of the defendant. *Page 341 
In the case before us these facts were to be settled by separate issues, and in this is to be found the distinction between the cases relied on and the one under consideration.
The first issue establishes the fact that the defendant destroyed the property of the plaintiff by fire, and from this fact alone the presumption arises that the defendant was negligent. Ellis v. R. R., 24 N.C. 138;Lawton v. Giles, 90 N.C. 380; Manufacturing Co. v. R. R., 122 N.C. 881;Hosiery Mills v. R. R., 131 N.C. 238; Lumber Co. v. R. R., 143 N.C. 324;Deppe v. R. R., 152 N.C. 82; Kornegay v. R. R., 154 N.C. 392.
These authorities place the burden on the defendant to rebut the presumption of negligence arising from proof connecting it with the origin of the fire, by evidence which will satisfy the jury that the engine was properly equipped, that competent men were in charge of it, and that it was prudently operated; and, necessarily, the burden of the issue embracing these facts alone is on the defendant.
(2) The prayers for instruction tendered by the defendant require a consideration of the nature of the presumption in cases like this, because if this presumption is evidence in behalf of the plaintiff, the evidence of the defendant is not uncontradicted, as the instruction required the judge to charge.
It may be well to analyze the instructions before discussing them. They require the judge to decide that the evidence of the defendant is uncontradicted, and that, if believed by the jury, it is sufficient to establish the fact that the engine was properly equipped and was prudently operated by competent employees.
In many jurisdictions it is held that the presumption of negligence arising from proof that the defendant set out the fire is one of law; and generally, where this conclusion is reached, the courts approve the view contended for by the defendant, that it is the duty of the court to pass on the sufficiency of the rebutting evidence as matter of law.
This position is also supported by Williams v. R. R., 130 N.C. (424) 116, in which it was held to be error to refuse to give an instruction like those requested by the defendant.
On the other hand, when the presumption is treated as one of fact, the rule usually obtains that the evidence must be submitted to the jury, who must pass on its sufficiency; and with the exception of Williams v. R. R.,supra, our Court has held the presumption to be one of fact.
In Cox v. R. R., 149 N.C. 118, Justice Walker, speaking for the Court, says: "The presumption is one of fact and not law. Evidence that the sparks were emitted from the engine and that they set fire to the timber made aprima facie case for the plaintiff, but only to the extent of being evidence sufficient to carry the case to the jury and to *Page 342 
warrant a verdict in favor of the plaintiff, if the jury should find the ultimate or crucial fact that the fire was caused by the defendant's negligence."
In Deppe v. R. R., 152 N.C. 82, Justice Manning, after stating the duty imposed on the defendant, says: "If the defendant can show at the trial that it `had used all those precautions for confining sparks or cinders' which are approved and in general use, and the jury shall so find the fact, the trial judge will instruct them to answer the issue of negligence `No,' provided the precautions were used by a competent and skilled engineer, in a careful way. Rule 1, in Williams v. R. R.,140 N.C. 623; Knott v. R. R., 142 N.C. 238."
Note that after the rebutting evidence is introduced by the defendant, it is for the jury to find the fact.
These cases and others to the same effect are cited with approval inKornegay v. R. R., 154 N.C. 392, where the principle is stated as follows: "When it is shown that the fire originated from sparks which came from the defendant's engine, the plaintiff made out a prima facie
case, entitling him to have the issue as to negligence submitted to the jury, and they were justified in finding negligence, unless they were satisfied, upon all the evidence in the case, that, in fact, there was no negligence, but that the defendant's engine was equipped with (425) a proper spark arrester and had been operated in a careful or prudent manner. Williams v. R. R., 140 N.C. 623; Cox v.R. R., 149 N.C. 117."
The reasons for the rule, and its justice, are nowhere better stated than by Chief Justice Smith, in Aycock v. R. R., 89 N.C. 329: "A numerous array of cases are cited in the note in support of each side of the question as to the party upon whom rests the burden of proof of the presence or absence of negligence, where only the injury is shown, in case of fire from emitted sparks. While the author favors the class of cases which impose the burden upon the plaintiff, we prefer to abide by the rule so long understood and acted on in this State, not alone because of its intrinsic merit, but because it is so much easier for those who do the damage to show the exculpating circumstances, if such exist, than it is for the plaintiff to produce proof of positive negligence. The servants of the company must know and be able to explain the transaction, while the complaining party may not; and it is but just that he should be allowed to say to the company, `You have burned my property, and if you are not in default, show it and escape responsibility.'" The note referred to is one to R. R. v. Schurty, 2 A. E. R. R. Cases, 271.
The presumption is one of fact, and is itself evidence of negligence, and the evidence of the defendant in rebuttal of the presumption is as to facts upon which the decision of the issue depends, and there would *Page 343 
seem to be no reason for excepting evidence of this character from the statute which forbids the judge from expressing an opinion on the facts or as to the weight of the evidence. If it should be held that the defendant was entitled to the instructions prayed for, the duty would be imposed on the judge to decide that there were no contradictions in the evidence of the defendant, that the witnesses were worthy of belief, and that the evidence was sufficient and satisfactory, which are matters committed by the law to the jury and not to the judge.
We conclude, therefore, that, assuming there were no contradictions in the evidence of the defendant and that, if believed, it established the facts that the engine was properly equipped and was (426) in charge of competent employees, and was prudently operated, this evidence cannot be said to be uncontradicted, and it was for the jury to pass on its weight. The evidence was contradicted by the presumption, which was some evidence of negligence.
We do not think Williams v. R. R., supra, is in line with the other decisions of this Court, and we must decline to follow it.
There are, however, other valid reasons for sustaining the ruling of his Honor.
There was some evidence of defects in the spark arrester, coming from the witnesses for the defendant. J. R. Bissett, master mechanic of the defendant, testified that there were patches on the wire netting, and that the covering of the manhole had long openings in it instead of square ones. He also said: "The covering of the manhole was in general use before they had adopted this wire netting, and we discarded that — the master mechanics' convention did — because the sparks would get hung in there and make a solid mass of it and the engine would get choked and the flame would come out the furnace door when it was opened and they would have to go in there and knock it, so they adopted this same netting to cover the manhole with. The reason those manholes with the long openings, instead of the square, were used, was that the S. A. L. had in stock a quantity of them, and we used them on the manholes to fill the bill, because there is enough opening, with what is in there, to give the engine draught enough to steam with."
It was permissible to argue from this evidence that the spark arrester in use was old and dilapidated, and that it had been condemned by the convention of the master mechanics.
It is also doubtful if any evidence was introduced that the engine was properly operated.
Two engines of the defendant passed the place of the fire within a short time of each other, one being No. 746 and the other 752.
J. M. Stoker, engineer, was the only witness examined as to the operation of No. 746, and he says nothing as to how the engine was being managed, except that he was running about thirty miles (427) *Page 344 
an hour when he passed the place of the fire; and the only evidence on this point as to engine No. 752 was that of N. R. Vaughan, engineer, who said he was sitting on the right-hand side of the engine, and was running at from thirty to thirty-five miles an hour. No inquiry was made of either as to what he or his fireman was doing, or whether or not sparks escaped from the engine he was in charge of, as it passed the property of the plaintiff. In the absence of such evidence from witnesses who knew the facts, the jury might well infer that they were silent because a disclosure would be hurtful.
(3) If we are correct in our conclusion that the burden was on the defendant on the second issue, it follows that there was no error in denying the motion to nonsuit, if there was evidence to support a finding in favor of the plaintiff on the first issue as to the origin of the fire.
In our opinion, there was sufficient evidence to support the verdict.
The lumber plant which was burned was situated near the right of way of the defendant. Engine No. 746 passed the lumber plant about 3:10 P. M., and engine No. 752 about 3:30 P. M. The fire occurred on Sunday, and several witnesses, who had the opportunity to see, testified that they saw no smoke or other evidence of fire before the engines passed, and that the plant was burning within fifteen or twenty minutes after the passing of the last engine. The engineer on engine No. 752 testified that he did not notice any smoke as he passed the plant, and one of the plaintiffs testified that he was at the plant about 1 o'clock P. M. on Sunday, and saw no evidence of fire, and that he was in the boiler-room the night before at 11 o'clock, and there were then only a few sparks in the back end of the boiler well.
Another witness for the plaintiffs, Mrs. Vick, testified that she noticed sparks, cinders, and heavy smoke coming from the train.
If this evidence is true, there was no fire about the premises before the engines passed; sparks escaped from the engine, and within (428) fifteen minutes thereafter the property of the plaintiffs was on fire; and it was not unreasonable to conclude from these facts that the property of the plaintiffs was set on fire and burned by sparks from the defendant's engine.
We have examined all of the exceptions appearing in the record, and find
No error.
Cited: Hardy v. Lumber Co., 160 N.C. 117; Aman v. Lumber Co., lb., 373; Armfield v. R. R., 162 N.C. 28; Kemp v. R. R., 169 N.C. 732; In reAllred's Will, 170 N.C. 160; Worth v. Feed Co., 172 N.C. 342. *Page 345