T. W. STEMMLER v. RANDOLPH AND CUMBERLAND RAILWAY COMPANY.

(Filed 28 April, 1915.)

1. **Railroads—Right of Way—Duty of Company—Combustible Matter—Firing Right of Way.**

    It is the duty of a railroad company to keep its right of way free from combustible matter, and where in pursuance of this duty the agents of the company burn off the right of way, it is required that they use reasonable care in preventing the escape of the fire to adjoining lands, to the injury of the owners.

2. **Same—Negligence—Evidence—Trials—Burden of Proof.**

    The employees of a railroad company engaged in burning off its right of way left one of their number in charge and proceeded to another place thereon for the same purpose. There was evidence tending to show that the plaintiff in this action had a pile of lumber at the place of the firing, and that the employee remaining to look after the fire, or to see that it did no damage, went away, leaving no one at all at the place, and soon thereafter fire broke out in the plaintiff's lumber and damaged it. *Held,* sufficient evidence of the defendant's negligence to carry the case to the jury, and the circumstances being wholly within the knowledge of the defendant's agents as to whether they used the care required of them in putting out the fire, the burden of proof was on the defendant in that respect.

APPEAL by plaintiff from *Rountree, J.,* at January Term, 1915, of MOORE.

Civil action to recover damages for the destruction of the plaintiff's lumber, caused by fire alleged to have been set out by the defendant's servants on the right of way and communicated to the plaintiff's lumber,

located close to the right of way. At the conclusion of the evidence the court sustained a motion to nonsuit, and the plaintiff appealed.

*U. L. Spence, H. F. Seawell for plaintiff.*
*George H. Humber for defendant.*

BROWN, J.   The evidence in this case tends to prove that the section foreman and hands of the defendant were engaged in burning off the defendant's right of way near Parkwood; that the lumber of the plaintiff was piled near the right of way at said place, and that the hands fired the débris on all sides of said lumber and then left one William Graffenried, a section hand, to watch the first and protect the lumber, the section foreman and other hands going away to fire other parts of the right of way, and that said Graffenried left the lumber unprotected and went away, and fire soon sprang up in the lumber and most of it was consumed thereby; that there were no other persons about the lumber or along the right of way except the section foreman and hands engaged in firing the right of way.   There was further testimony as to the value of the lumber.

We think his Honor erred in sustaining the motion to nonsuit.   The defendant was engaged in the discharge of a duty imposed by law of keeping its right of way free from combustible matter.   To do so necessitated the burning of its right of way.   It was the defendant's duty to exercise reasonable care when it put out such a dangerous agency as fire. We think the burden of proof is necessarily on the defendant to show that it exercised such care and used all reasonable means and precautions to prevent the fire from spreading from its right of way and injuring the property of adjacent owners.

The proof of what the defendant did in order to prevent the spreading of fire from its right of way is almost exclusively within its own knowledge and that of its agents and servants.   The plaintiff had no knowledge of when the fire was set out and no opportunity to guard his property.   The plaintiff had no knowledge of what precautions were taken by the defendant; therefore, we think it reasonable to hold that the defendant should assume the burden of satisfying the jury that it took all reasonable precautions when its agents and servants undertook to burn off its right of way.

It is said in the Book of Books that "If fire break out and catch in thorns, so that the stacks of corn, or the standing corn, or the field, be consumed therewith: he that kindled the fire shall surely make restitution." Exodus, 22:6.

Inasmuch as the defendant was engaged in the discharge of a duty, we will not hold it to the rule laid down in the Holy Writ, because that would be to make it an insurer; but we think it just and consistent with

well established precedents that in a case of this kind the defendant should assume the burden of proof to satisfy the jury that it used all due precautions to prevent the spread of the fire and injury to adjacent property.

It is incumbent on the company burning off its right of way always to guard the fire along its right of way and to take all proper precautions to prevent its spreading as long as the fire exists. *Brister v. R. R.,* 84 Miss., 33; 33 Cyc., 1329.

There is evidence in this case that the defendant's servants started the fire on the right of way, that it was not properly guarded by them, that it surrounded the plaintiff's property, in consequence of which the plaintiff suffered damage. This evidence may not be sufficient to induce the jury to find the defendant guilty of negligence, but it should have been submitted to them under proper instructions.

New trial.