EULA K. AND CARRIE WILLIAMS v. CAMP MANUFACTURING COMPANY.

(Filed 27 May, 1919.)

1. **Instructions—Railroads—Fires— Spark Arresters— Defects— Evidence— Prima Facie Case.**

In an action to recover damages to plaintiff's land alleged to have been caused by a spark from defendant railroad company's passing locomotive emitted from a defective smokestack, or by reason of the negligent operation of the engine, it is necessary for the plaintiff to show that the fire was actually caused by a spark from the engine before any presumption of negligence arises, which would require the defendant to go forward with proof that its engine was equipped properly and was not negligently run, or take the chance of an adverse verdict. While a detached part of an instruction to the jury upon this question may be objectionable as requiring the defendant to give such evidence in explanation upon evidence merely as to the direction of the wind and the absence of other causes, etc., it will not be held as reversible error if other parts of the charge given in the same connection makes this basic finding necessary to give the plaintiff the benefit of the presumption and in such manner as that the jury could not have been misled.

2. **Evidence—Railroads—Fires—Trials—Questions for Jury.**

Upon the trial of this action to recover damages of a railroad company for setting fire to plaintiff's timber, there was some evidence tending to show that the fire was caused by sparks from the smokestack of defendant's locomotive by reason of defects therein, and evidence to the contrary: *Held,* the cause was properly submitted to the jury, and that the testimony of a witness in the case as to seeing sparks thrown from this smokestack was sufficiently proximate in point of time to be admitted as additional evidence of the smokestack being defective.

WILLIAMS *v.* MANUFACTURING CO.

ACTION tried before *Guion, J.,* and a jury at January Term, 1919, of DUPLIN.

Plaintiffs sued for damage which they alleged was caused by defendant's negligence in burning their timber. It appears that the defendant was operating a locomotive engine on its railway about sixty-five or seventy yards from the place where the fire started, which was on the edge of a branch. The engine was pushing back twenty or twenty-five empty log-cars to Harvell switch, and the smoke from the fire was first discovered about forty-five minutes or one hour after the engine had passed the point on the railway opposite the place of the fire on plaintiffs' land. There was evidence that the smokestack of the engine was defective, some of the asbestos packing was missing. The witness, A. B. Sykes, described the engine and its stack as follows: "We had a 1910 Baldwin engine with a wood-burning stack on it, a cone in her clamp-down and net in the stack. Was equipped as wood burner. We were burning wood and coal mixed and box-faced lightwood that morning. Was not equipped with coal spark-arrester. Stack was about four feet high, I think. Same stack as was on engine the first time I ever saw it. Examined stack; part of it was so sparks could not pass through or out of it. Was not made solid. They have some with solid tops and some with bolts, and you have to put packing in the latter, where they are bolted. This stack was bolted around top, and we packed it with asbestos or something like that to keep the sparks from going out of joints best we could. Some time after that, within two weeks I think, we took stack down, went in it and looked at it, and my remembrance is that we found on one side where this packing was blown out, and Lamb English cut a piece and put in there and clamped it down. We found a little hole in the side of the stack, just below where packing is, where the stack curves, there is a little hole in the stack. Suppose hole is three-fourths of an inch long, and you could stick a match in it, I suppose." He also said the road is level towards Harvell Switch, except for a little rise occasionally, and there is not much grade. "There was no sign of fire between railroad and the run of the branch where the smoke came from," said the witness, "but the wind was blowing in the direction of the fire from the engine, and there was no fire at the place near the branch when the engine passed on its way to the switch." Verdict and judgment for the plaintiff, and defendant appealed.

*George R. Ward and Ward & Ward for plaintiff.*
*Stevens & Beasley for defendant.*

WALKER, J., after stating the case: The court charged the jury, among other things, as follows: "You have the right to consider, in

33—177

passing upon the evidence that has been offered to you, in order to show you that this engine was the origin of the fire, the fact that there was no fire at that place when the engine passed; that the wind was blowing in the direction of the place at which the fire occurred, if you find those facts from the evidence and if you do so find, then the law presumes or makes what is known as a *prima facie* case, entitling Mr. Williams to ask at your hands your answer to that issue, because if you shall have found from those facts that a spark came from the engine of the defendant, the Camp Mfg. Company, and set fire to the woods, the law would presume, unexplained, that the engine was negligently operated, or that it wasn't fitted with proper appliances in good condition, or operated by a skillful engineer in a careful manner." Defendant excepted. This instruction may properly be subject to the criticism of the defendant, as not being very clear, but it is not so erroneous as to be fatal to the verdict, for if construed as a whole and in the connection where we find it, we do not think that an intelligent jury could have been misled by it. They would naturally and reasonably conclude that the fact to be found, in order to constitute a *prima flacie* case of negligence, arising either from a defective condition of the engine or its improper and careless operation, was that the engine had emitted the spark which caused the fire. If this fact had been found by the jury from the evidence, to which the judge referred, it would carry the case to the jury, and it would then devolve upon the defendant to show that the engine was in proper condition, and had been carefully handled, or in default of doing so, to take the risk of an adverse verdict. In other words, the fact that a spark from the engine caused the fire, whether on or off the right of way, is evidence of negligence though not conclusive, and may warrant a verdict of negligence, in the absence of explanatory proof, so that it behooves the defendant to go forward and offer exculpatory evidence unless there are circumstances appearing in the plaintiff's own evidence upon which he may rely to show care on his part. The nature of such proof as makes a *prima facie* case of negligence is discussed in *Stewart v. Carpet Co.,* 138 N. C., 60, which is cited with approval in *Sweeny v. Erving,* 228 U. S., 233, where the Court, speaking through *Justice Pitney,* of the *maxim res ipsa loquitur,* says: "In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking; but it is evidence to be weighed, not necessarily to be accepted as sufficient, that they call for explanatory or rebuttal evidence, not necessarily that they require it; that they make a case to be decided by

the jury, nor that they forestall the verdict. *Res ipsa loquitur,* where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff. Such, we think, is the view generally taken of the matter in well-considered judicial opinions." The casting of sparks from a locomotive engine upon another's land and burning the timber on it, is a striking illustration of this doctrine, and the rule we have mentioned applies strictly to such a case. There are many cases decided by this Court in which it has been applied. *Williams v. R. R.,* 140 N. C., 623; *Craft v. Timber Co.,* 132 N. C., 151; *Knott v. R. R.,* 142 N. C., 238; *Cox v. R. R.,* 149 N. C., 117; *Deppe v. R. R.,* 152 N. C., 79; *Kornegay v. R. R.,* 154 N. C., 389; *Currie v. R. R.,* 156 N. C., 419; *Hardy v. Lumber Co.,* 160 N. C., 113; *Aman v. Lumber Co., ibid.,* 370, and the recent case of *Perry v. Mfg. Co.,* 176 N. C., 68, in which the Court held, as will appear from the statement of the case and the opinion, that it was the *fact itself,* that a spark from the defendant's engine *caused* the fire, which made out a *prima facie* case of negligence and not merely the evidence of the fact, as stated inadvertently in one part of the printed report of the case. That discrepancy in what may have caused the judge, who presided at the trial, to adopt the particular form of his instruction, though afterwards, and in the same connection, he pointedly told the jury what is the correct rule of law. If the two propositions, which he stated in his instruction, were not so closely and intimately connected as to fully explain each other, and thereby prevent any misunderstanding by the jury, we would reverse for error, but we cannot well see how they were misled as we must presume that they were men of at least ordinary intelligence. We call special attention to this matter, as the rule should be clearly defined and understood so that there will be no misapprehension of it in its practical application. The instruction, reasonably construed, means that if the jury found from the facts recited by the judge the main fact that the engine sparks started the fire, a *prima facie* case was presented, calling upon defendant to go forward with his proof or take the risk before the jury of an adverse verdict.

There was evidence given for the defendant which conflicted with that introduced by the plaintiff, but the jury alone could settle this conflict, and while the plaintiff did not make out a strong case, but rather a weak one, when we review all of the facts in concourse, we cannot withdraw the case from the jury, who are the triers of the facts, if there is any evidence reasonably tending to support the plaintiff's allegations. *Wittkowsky v. Wasson,* 71 N. C., 451; *Byrd v. Express Co.,* 139 N. C., 273, and cases cited. The case of *Broadfoot v. R. R.,*

174 N. C., 410, it seems is directly in point as justifying the submission of this case to the jury, the facts being substantially alike. See, also, *McMillan v. R. R.,* 126 N. C., 725; *McRainey v. R. R.,* 168 N. C., 571; *Deppe v. R. R.,* 152 N. C., 82.

The statement of the witness as to the dropping of sparks by this engine placed the event sufficiently proximate to the time when the fire started for it to be competent as additional evidence of its defective condition. *Knott v. R. R.,* 142 N. C., 238; *Whitehurst v. R. R.,* 146 N. C., 591; *Kerner v. R. R.,* 170 N. C., 94; *Meares v. Lumber Co.,* 172 N. C., 289; *Broadfoot v. R. R., supra; Deppe v. R. R., supra.*

We are of the opinion that the other criticisms of the charge of the court and its rulings are without any substantial merit.

It will be certified, therefore, that there is no error in the case.