KATE M. DENNY AND HUSBAND v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 12 May, 1920.)

1. **Railroads—Negligence—Damages—Fires—Foul Rights of Way—Instructions—Appeal and Error.**

Where a railroad company is sought to be held liable for fire damage to land, and there is evidence tending to show that it was caused by a spark from the defendant's engine falling upon its foul right of way, the defendant's actionable negligence does not solely depend upon the condition of its locomotive or the manner in which it was being run at the time, but also upon the obligation of the defendant to keep its right of way clear from inflammable matter, and a charge to the jury which excludes this element of negligence is reversible error.

2. **Same—Ordinary Care.**

In an action to recover fire damage to land against a railroad company, involving the question of the defendant's negligence in not keeping its right of way clear of inflammable matter, a charge to the jury that the defendant would not be negligent if it exercised ordinary prudence in keeping, or attempting to keep, it so is objectionable as misleading, in failing to explain the defendant's duty and the meaning of the words "ordinary care" or "prudence," and permitting an inference that it was permissible for the defendant to let combustible matter accumulate thereon, to the danger of adjoining owners.

3. **Railroads— Negligence— Evidence— Rebuttal— Burden of Proof—Instructions—Damages—Fires.**

Where, in an action to recover damages against a railroad company for negligently setting out fire to the plaintiff's land, there is evidence, on the part of the plaintiff, that it was caused by a spark from the defendant's locomotive, falling upon its foul right of way, it is incumbent upon the defendant to establish the fact, by the greater weight of the evidence, that it was not negligent in any of these respects upon which it relies; and this error cannot be cured by construing the charge as a whole, when not incorporated therein.

4. **Railroads—Negligence—Damages—Fires—Foul Rights of Way—Acts of Another—Notice.**

Where a fire has been communicated by a spark from defendant railroad company's locomotive to combustible matter on its right of way, causing damage to the plaintiff's land, it is not required that the defendant should

34—179

have kept its right of way absolutely clear and clean of all inflammable matter to free itself of actionable negligence, if such matter had been placed there by another, for so short a time that the defendant had no notice thereof, express or implied, from length of time, or reasonable opportunity to remove it.

APPEAL by plaintiff from *Calvert, J.,* at the December Term, 1919, of ROBESON.

This is an action to recover damages for burning over the lands of the plaintiffs, one of the allegations of negligence being that the defendant permitted combustible matter to accumulate on its right of way, which was ignited by sparks from the engine of the defendant, and that the fire was thence communicated to the lands of the plaintiff.

There was evidence tending to prove the allegations of negligence relied on by the plaintiffs, and evidence on the part of the defendant tending to prove that the fire originated off the right of way, and was set out by one McMillan on lands he was cultivating.

His Honor charged the jury as follows: "The burden of proof is on the plaintiff to satisfy you by the greater weight of the evidence that the defendant has been negligent, and that such negligence is the proximate cause of the injury complained of, and unless the plaintiff has so satisfied you, you will answer the second issue 'No,' the issue we are now considering.

"The plaintiff alleges that the negligence on the part of the defendant consisted of the keeping of the right of way foul; that is, that it was covered with combustible matter, such as dead weeds, broom sage, etc.; that it was foul on the day in question; that sparks were emitted from a passing engine of the defendant railroad company, and that sparks or fire fell on the right of way setting it on fire, and that the fire spread over the lands of the plaintiff, causing damage thereto.

"The defendant denies these allegations. The defendant denies that the right of way was foul on that day, but says that the fire started at some place off the right of way, and spread over the land in question. In considering this case you will give the defendant just as fair consideration as if it were a natural person, and not a corporation, and whether it is a railroad corporation or not will make no difference to you in arriving at your verdict. The defendant, gentlemen, is not liable even if the fire may have escaped from its engine and burned plaintiffs' land unless the defendant has been negligent in some of the respects set out in the complaint, and that such negligence caused the fire to burn plaintiffs' land.

"(The defendant is not required to keep its right of way absolutely clear and clean of all matter whatsoever, but is only required to exercise

ordinary prudence, which is such prudence as an ordinarily prudent and careful man would exercise under the same circumstances, and if, in keeping this right of way in proper condition, and in its attempts to do so, it exercised such prudence and care, then in this respect the defendant has not been guilty of negligence, and if you find that the fire did catch on the right of way, and the defendant did exercise this degree of care, then, in that respect, defendant would not be liable, provided its engine was properly equipped and operated as required by law.)

"To that portion of the foregoing charge in parentheses, the plaintiffs excepted.

"(The defendant is not required to take such precautions as will prevent the escape of any fire whatsoever from its engine, but is required only to use a skilled and competent engineer and such spark arrester as is, at the time, in general and approved use, and that its engine be operated in a careful manner, and when it has discharged this duty and fire escapes from its engine, but catches on the right of way, the defendant is not liable, for the law says there has been no negligence on its part.)

"To that foregoing portion of the charge in parentheses, the plaintiffs excepted.

"(So if you find from the evidence that the fire did escape from defendant's engine, and that such engine was in proper condition and has a proper spark arrester, and was operated in a careful way by a skilled and competent engineer, and that this fire caught off the right of way and burned over plaintiffs' land, then there is no negligence, and you will answer the second issue 'No.')

"To that portion of the foregoing charge in parentheses, the plaintiffs excepted.

"(Or if you find that the defendant's engine was in proper condition, with a proper spark arrester, and was operated in a careful way by a skilled and competent engineer, but that fire did escape from such engine and caught on the right of way, but the right of way was not in a foul and negligent condition, then even though such fire may have spread to the plaintiffs' premises and burned their property, the defendant would not be liable, and you would answer the second issue 'No.')

"To that portion of the foregoing charge in parentheses, the plaintiffs excepted.

"But though the defendant's engine was in proper condition, with a proper spark arrester, and was operated in a careful way by a skilled and competent engineer, yet, if you find from the evidence, by the greater weight of it, that fire escaped from engine, that the fire caught on the right of way, and that the right of way was in a foul and negligent condition, and thence spread on the plaintiffs' land, then the defendant would be liable, and you would answer the issue 'Yes.'

"The plaintiffs contend, gentlemen, that the testimony tends to show that the land in question lies some distance west of the line of the defendant railroad; that on the day in question the train passed about eleven o'clock in the morning; that soon thereafter, about twelve o'clock, some smoke was seen rising in the vicinity of the right of way; that a large tract was burned over by that fire, including some lands belonging to the plaintiffs.  That the burned area, besides plaintiffs' land, extended over adjoining lands up to and including the right of way of the railroad. The plaintiffs further contend that the testimony tends to show that on the day in question the right of way was foul, that the wind was blowing in a westerly direction, and that you should find from the evidence that the fire was started by sparks emitted by the smokestack or ash-pan of the engine, which dropped on the right of way, and that it was thence communicated to the plaintiffs' land.

"On the other hand, the defendant contends that you should not find by the greater weight of the evidence that the right of way was foul, and that the fire started on the right of way by the defendant.  It contends further that the testimony tends to show that the engine was equipped with a standard spark arrester; that it was in good condition on that day, and that it was operated by a skilled and competent engineer; the defendant further contends that the testimony tends to show that a fire had burned over the adjoining land; that there had been a fire which had burned over the adjoining land of one Nun Bethune, and the right of way of the defendant ten days before that, and that on the day in question there was nothing upon the right of way to catch on fire, and that a fire did not start on the latter day upon the right of way.  That the fire which burned over the plaintiffs' land had its origin in a fire started by Dave McMillan while he was burning off land and plowing in an adjoining field, and the defendant contends that you have a right to infer that the fire started as it contends, by Dave McMillan, spread over the plaintiffs' land, and up to that adjoining the burned area caused by the fire which it contends the testimony tends to show had gotten out ten days before.

"It is for you to say how it is upon all the evidence and on the charge of the court.  So that, having in mind all the facts and circumstances as testified to, if you find from the evidence, and by the greater weight of it, that the defendant negligently set fire to and burned the lands of the plaintiffs, as alleged in the complaint, then you will answer the second issue 'Yes.'  If you do not so find you will answer the issue 'No.' "

The jury returned the following verdict:

"1. Is the *feme* plaintiff the owner of the lands described in the complaint?  Answer: 'Yes.'

"2. Did the defendant negligently set fire to and burn the lands of the plaintiffs, as alleged in the complaint?  Answer: 'No.' "

DENNY *v.* R. R.

Judgment was entered upon the verdict in favor of the defendant, and the plaintiffs excepted and appealed.

*Britt & Britt and McNeill & Hackett for plaintiffs.*
*McLean, Varser, McLean & Stacy for defendant.*

ALLEN, J. The charge that "the defendant is not required to take such precautions as will prevent the escape of any fire whatsoever from its engine, but is required only to use a skilled and competent engineer and such spark arrester as is, at the time, in general and approved use, and that its engine should be operated in a careful manner, and when it has discharged this duty and fire has escaped from its engine and catches on the right of way, the defendant is not liable, for the law says there has been no negligence on its part" is erroneous, because it omits the view of negligence arising from permitting combustible matter to accumulate on the right of way, and under this instruction it was the duty of the jury to exonerate the defendant from liability if the engine was properly equipped with a spark arrester in general and approved use, and was operated in a careful manner by a competent engineer, although the fire escaped from the engine and ignited combustible matter, which the defendant negligently permitted to accumulate on its right of way, which is contrary to all of the authorities in this State.

It was also misleading to charge the jury that the defendant would not be negligent if it exercised ordinary prudence in keeping or attempting to keep its right of way in proper condition, without explaining to the jury the duty imposed on the defendant as to its right of way, and what was meant by proper condition, as the jury might well have understood that ordinary care was consistent with permitting combustible matter to accumulate on the right of way to the danger of adjoining property.

We might, however, hold that these errors were not fatal upon an inspection of the whole charge, and considered as a whole, if it did not appear that throughout the charge the burden has been placed on the plaintiffs, when it is settled by a long line of authorities, beginning with *Ellis v. R. R.,* 24 N. C., 140, and closing with *Williams v. Mfg. Co.,* 177 N. C., 514, that upon proof that the engine of the defendant set out the fire it was incumbent on the defendant to establish the facts by the greater weight of the evidence, freeing it from liability.

"When it is shown that the fire originated from sparks which came from the defendant's engine, the plaintiff made out a *prima facie* case, entitling him to have the issue as to negligence submitted to the jury, and they were justified in finding negligence unless they were satisfied, upon all the evidence in the case, that in fact there was no negligence,

but that the defendant's engine was equipped with a proper spark arrester, and had been operated in a careful or prudent manner. *Williams v. R. R.,* 140 N. C., 623; *Cox v. R. R.,* 149 N. C., 117." *Kornegay v. R. R.,* 154 N. C., 392.

"The first issue establishes the fact that the defendant destroyed the property of the plaintiff by fire, and from this fact alone the presumption arises that the defendant was negligent. *Ellis v. R. R.,* 24 N. C., 138; *Lawton v. Giles,* 90 N. C., 380; *Manufacturing Co. v. R. R.,* 122 N. C., 881; *Hosiery Mills v. R. R.,* 131 N. C., 238; *Lumber Co. v. R. R.,* 143 N. C., 324; *Deppe v. R. R.,* 152 N. C., 82; *Kornegay v. R. R.,* 154 N. C., 392.

"These authorities place the burden on the defendant to rebut the presumption of negligence arising from proof connecting it with the origin of the fire, by evidence which will satisfy the jury that the engine was properly equipped, that competent men were in charge of it, and that it was prudently operated." *Currie v. R. R.,* 156 N. C., 423.

"If this fact (that the engine emitted the spark which caused the fire) had been found by the jury from the evidence, to which the judge referred, it would carry the case to the jury, and it would then devolve upon the defendant to show that the engine was in proper condition, and had been carefully handled, or in default of doing so, to take the risk of an adverse verdict. In other words, the fact that a spark from the engine caused the fire, whether on or off the right of way, is evidence of negligence, though not conclusive, and may warrant a verdict of negligence, in the absence of explanatory proof, so that it behooves the defendant to go forward and offer exculpatory evidence unless there are circumstances appearing in the plaintiff's own evidence upon which he may rely to show care on his part." *Williams v. Mfg. Co.,* 177 N. C., 514.

And it is well also to state what duty is imposed on the defendant in this particular, the performance of which the defendant must show when the origin of the fire is traced to it.

We agree with his Honor that "the defendant is not required to keep its right of way absolutely clear and clean of all matters whatsoever" that may be ignited, nor is it liable because of an accumulation of combustible matter on the right of way, likely to be the cause of injury, if there through some other agency than its own, and for so short a time that the defendant had no notice of its presence, express or imputed from length of time, and no opportunity to remove it.

The first of these propositions is clearly to be inferred from *McBee v. R. R.,* 171 N. C., 112, and the second from *Phillips v. R. R.,* 138 N. C., 12.

It must, however, exercise due care and precaution to avoid injury to the property of others, and to that end must not permit grass and other

combustible matter to accumulate or remain on its right of way in such quantity and of such character "as are liable to be ignited by sparks and cinders from its engines," and cause injury (McBee v. R. R., supra), and "so dangerous that it may reasonably be anticipated that injury will occur to adjacent landowners from fires originated thereon from engines being operated on it" (Thomas v. Lumber Co., 153 N. C., 355), and if it fails in this duty, and injury follows, as a result, it must answer in damages under the second rule laid down in Williams v. R. R., 140 N. C., 624, as follows:

"2. If fire escapes from an engine in proper condition, with a proper spark arrester, and operated in a careful way by a skilled and competent engineer, but the fire catches on the right of way, which is in a foul and negligent condition, and thence spreads to the plaintiff's premises, the defendant is liable. Moore v. R. R., 124 N. C., 341; Phillips v. R. R., 138 N. C., 12."

For the errors pointed out there must be a

New trial.