G. E. FERRELL v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 16 September, 1925.)

**Negligence—Railroads—Livestock — Turkeys—Prima Facie Case—Burden of Proof.**

Where a railroad train runs into, kills or injures livestock and turkeys of the owner along its tracks, and he brings his action for damages within the statutory six months, the prima facie case of negligence raised by the statute is sufficient to take the case to the jury, but does not change the burden of proving the issue of negligence from the plaintiff. C. S., 3482.

FERRELL v. R. R.

APPEAL by defendant from *Cranmer, J.,* at April Term, 1925, of
CURRITUCK.

Civil action to recover damages for the negligent injury and killing
of plaintiff's livestock and turkeys by defendant's engines and cars.
Damages amounting to $262.50 were awarded for animals killed more
than six months prior to the institution of the action and $44.50 for
animals killed within six months next immediately preceding the insti-
tution of the action.  C. S., 3482.

Judgment on the verdict for plaintiff, from which defendant appeals,
assigning errors.

*W. L. Small for plaintiff.*
*Thompson & Wilson for defendant.*

STACY, C. J.   There is no error appearing on the record with respect
to the damages awarded for plaintiff's cattle, hogs, and turkeys injured
or killed by the defendant's engines or cars more than six months prior
to the institution of the action, but in regard to the amount awarded
for livestock injured or killed within six months next immediately pre-
ceding the institution of the action, we think the trial court erred in
charging the jury that, under C. S., 3482, "there is a presumption of
negligence, and the burden is on the railroad company to rebut the
presumption." The language of the statute is as follows:

"When any cattle or other livestock shall be killed or injured by the
engine or cars running upon any railroad, it shall be *prima facie* evi-
dence of negligence on the part of the railroad company in any action
for damages against such company: *Provided,* that no person shall be
allowed the benefit of this section unless he shall bring his action within
six months after his cause of action shall have accrued."

True, in some of the earlier decisions on the subject, it was said that
when suit for damage or injury to cattle or other livestock occasioned
by the engines or cars of a railroad company was brought within six
months after plaintiff's cause of action accrued, this statute raised a
presumption of negligence and cast upon the defendant the burden of
rebutting such presumption (*Bethea v. R. R.,* 106 N. C., 279; *Carlton v.
R. R.,* 104 N. C., 365), but it is now the established rule, as settled by
the later and prevailing cases, that *"prima facie* evidence of negligence"
means no more than evidence sufficient to carry the case to the jury,
and to justify, but not compel, a verdict as for a negligent wrong.
*Hunt v. Eure,* 189 N. C., 482; *Speas v. Bank,* 188 N. C., 524; *Austin v.
R. R.,* 187 N. C., 7; *McDowell v. R. R.,* 186 N. C., 571; *White v.
Hines,* 182 N. C., 276; *S. v. Wilkerson,* 164 N. C., 431.

We are constrained to hold, therefore, that so many of the earlier decisions as are in apparent or actual conflict with our more recent expressions on the subject, and to the extent thereof, must be understood as modified to such extent by the later decisions. *McDowell v. R. R., supra; White v. Hines, supra.* The question was fully considered, and the principles again stated in the recent cases above cited, to the end that the contrariety of expression appearing in some of the opinions might be corrected and the matter set at rest. We must adhere to the conclusions reached in these later cases.

The error as indicated, however, viewed in the light of the admissions made on the hearing and from what appears on the record, would seem to necessitate only a partial new trial. This the defendant is entitled to, and it is so ordered.

Partial new trial.