GEORGE W. FLEMING, MRS. MILDRED F. POWELL AND C. S. ROYAL v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 10 December, 1952.)

1. **Railroads § 7—**

In an action against a railroad company to recover for timber destroyed by fire, evidence tending to show that fire was set out by defendant's engine on defendant's right of way, which had been allowed to remain in a foul condition for a considerable time, *is held* insufficient in the absence of evidence that the fire on the right of way spread to and burned plaintiffs' timber, and when it appears that the engine set fire to the right of way at a point some eight miles distant from plaintiffs' property, and there is no evidence that the fire on the right of way spread to plaintiffs' land, nonsuit is proper.

2. **Trial § 23a—**

While the evidence must be considered in the light most favorable to plaintiff on motion to nonsuit, the evidence must tend to prove the fact in issue as a fairly logical and legitimate deduction, and evidence which raises merely a speculation, conjecture or possibility is insufficient to justify the submission of the issue to the jury.

3. **Appeal and Error § 39e—**

Where plaintiffs' witnesses in an action against a railroad company to recover for the destruction of timber on plaintiffs' land by fire, have testified in detail as to the condition of defendant's right of way at the time, the exclusion of a photograph of the right of way taken some two years after the fire and competent only for the purpose of illustrating the witnesses' testimony on the theory that it showed conditions similar to those existing at the time of the fire, cannot be held prejudicial.

4. **Evidence § 31½—**

Where deposition of a witness is duly taken with full opportunity of cross-examination by the adverse party, with no objection before trial, and the witness is out of the State at the time of trial, exception to the deposition at the trial is without merit. G.S. 8-82.

5. **Railroads § 7—**

In an action against a railroad company to recover for timber destroyed by fire, an instruction that it would constitute negligence on the part of defendant to permit inflammable and combustible material to remain on its right of way for a period of several months, will not be held prejudicial as requiring an unreasonable length of time to fix the railroad company with notice when all the evidence is to the effect that defendant had done nothing to remedy the condition of its right of way for a much longer period of time.

6. **Same—**

In an action against a railroad company to recover for timber destroyed by fire, an instruction in conformity with the evidence that if defendant's engine was equipped with proper spark arrester but sparks nevertheless escaped and set fire to inflammable matter which had been allowed to remain on the right of way, defendant would be liable for the fire, will not

be held erroneous as equivalent to an instruction that if the engine was not equipped with spark arrester defendant would not be responsible for the fire.

**7. Same—**

A railroad company is not an insurer against loss by fire originating from sparks from its engines, but may be held liable therefor only on the ground of negligence, with the burden on plaintiff to prove such negligence by the preponderance of the evidence.

**8. Evidence § 7e—**

A *prima facie* case, as distinguished from a presumption, does not affect the burden of proof, but merely constitutes evidence sufficient to justify, but not compel, a favorable verdict, and places the adverse party in the position of having to go forward with the evidence or risk such adverse finding.

**9. Railroads § 7—**

In an action against a railroad company to recover for loss of timber by fire, evidence that the fire originated on defendant's right of way from sparks emitted by defendant's engine, makes out a *prima facie* case, placing defendant in the position of having to go forward with the evidence or risk an adverse verdict, but does not create a presumption of fact that defendant's engine was not handled by a skillful engineer in a reasonably careful manner.

**10. Same—Instruction in this case held not prejudicial in view of evidence and theory of trial.**

Where plaintiff's evidence tends to show that the fire which burned timber on his land originated on defendant's right of way from sparks emitted by defendant's engine, and that the right of way had been allowed to remain in a foul condition for a long period of time, but there is no evidence that the engine was improperly handled, but to the contrary all the evidence is to the effect that the train was a short passenger train traveling over level ground on approximate schedule, an instruction that there was no evidence from which the jury could properly find that the engine was not operated by a skillful engineer in a reasonably careful manner, cannot be held prejudicial. G.S. 1-180.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Morris, J.,* April Term, 1952, of NEW HANOVER. No error.

This was an action to recover damages for the burning over of plaintiffs' lands alleged to have been caused by fire negligently set out by defendant's locomotive. Plaintiffs' title to the lands described was admitted.

Plaintiffs alleged two causes of action. The first cause of action was for damages to a portion of plaintiffs' lands caused by fire set out by defendant's locomotive 11 April, 1950, and the second cause of action was for damages to other portions of plaintiffs' lands caused by fire set out 8 April, 1950.

As to the first cause of action there was a verdict for the defendant, and on the second cause of action the court rendered judgment of involuntary nonsuit at the close of plaintiffs' evidence.

From the judgment on the verdict and the court's allowance of the motion to nonsuit as to the second cause of action, the plaintiffs appealed.

*John Bright Hill and Isaac C. Wright for plaintiffs, appellants.*
*Poisson, Campbell & Marshall for defendant, appellee.*

DEVIN, C. J. The line of railway operated by the defendant Atlantic Coast Line Railroad Company known as the A. & Y. Branch passes through plaintiffs' large area of land, some 5,000 acres, in a generally north and south direction. Plaintiffs allege that a large portion of their land was burned over as the result of fires set out by defendant's coal burning locomotives on two different occasions, and accordingly in their complaint state the causes of action for damages resulting therefrom separately. The date of the fire constituting the basis of the cause of action first stated was 11 April, 1950, and that of the fire causing damage to other portions of plaintiffs' land, stated in the second cause of action, was 8 April, 1950.

Plaintiffs appeal from an adverse judgment as to both causes of action. The judgment as to the first cause of action was predicated on the verdict of the jury, and that as to the second cause of action followed the allowance of defendant's motion for judgment of nonsuit.

1. Coming then first to the consideration of the judgment of nonsuit as to the second cause of action, we reach the conclusion after a careful examination of the record that the ruling of the trial judge in sustaining the defendant's motion for judgment of nonsuit should be upheld.

There was evidence tending to show that the fire on 8 April complained of was set out by one of defendant's locomotives; that it caught on defendant's right of way; that there was on the right of way dry grass and straw and other combustible material, and that the fire which was thus originated spread eastward from the railroad and subsequently due to a change in direction of the wind burned westward; and that it was found later that portions of plaintiffs' land were burned over. *Gainey v. R. R.,* 235 N.C. 114, 68 S.E. 2d 780; *Betts v. R. R.,* 230 N.C. 609, 55 S.E. 2d 76. But the testimony offered by the plaintiffs does not show the continuous progress of the fire from the point where it originated on defendant's right of way so as to afford substantial evidence that the fire thus caused extended to and burned over plaintiffs' land. The point of origin of this fire was identified as having been near Montague Station, just north of Croom's crossing. Montague Station according to plaintiffs' brief was eight or ten miles north of Fishing Creek which it was testified was the

boundary of plaintiffs' land. From an examination of the record we do not think the evidence warrants the conclusion that the fire of 8 April reached the land of the plaintiffs.

While the evidence on a motion to nonsuit must be considered in the light most favorable to the plaintiff (*Nash v. Royster,* 189 N.C. 408, 127 S.E. 356), there must be some legal evidence of every material fact necessary to support the action before the plaintiff is entitled to have his case submitted to the jury. *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406. The evidence must do more than raise a suspicion, or suggest a possibility. The evidence offered must reasonably tend to prove the fact in issue as a fairly logical and legitimate deduction therefrom. Stansbury, sec. 210. "The plaintiff is required to offer evidence which reasonably tends to prove the facts essential to the maintenance of his case." *Smith v. Duke University,* 219 N.C. 628, 14 S.E. 2d 643.

2. In the cause of action designated in the complaint as their first cause of action the plaintiffs sought to recover damages for the burning over of 1,600 acres of land near the station of Nonesta by a fire alleged to have been set out by defendant's locomotive on 11 April, 1950. The issue addressed to the question of the defendant's negligence in causing this fire was submitted to the jury and answered in favor of the defendant. Judgment was entered in accord with the verdict.

The plaintiffs now seek to avoid the adverse decision on this cause of action on the ground that erroneous rulings of the trial judge constituted a material factor in influencing the verdict and bringing about the result of which they complain. In their appeal they have brought forward numerous assignments of error based on exceptions duly noted at the trial.

The plaintiffs offered a number of photographs purporting to show portions of the land burned over and the character of the growth thereon. All of these, except the one marked J, were admitted, but only for the purpose of illustrating the testimony of the witnesses. Whether or not this restriction upon the use of the photographs as evidence be regarded as meaningless, the ruling of the trial court in this instance was in accord with the uniform decisions of this Court. *S. v. Matthews,* 191 N.C. 378, 131 S.E. 743; Stansbury, sec. 34, and cases cited. Plaintiffs, however, noted exceptions to the exclusion of Photograph "J." This purported to show the condition of the right of way at the point where plaintiffs contended the fire originated, but it was taken more than two years after the fire. Plaintiff offered to show that the condition of the right of way just before the fire was similar to that shown in the photograph. If it be conceded that this photograph should have been admitted under the same rule as the others to illustrate the testimony of the witnesses, we do not perceive that its exclusion was prejudicial. Plaintiffs had offered several witnesses who testified that there was on the right of way an accumulation

of grass and broomstraw, and that some of the broomstraw was 2½ feet high. Hence cumulative evidence, for the purpose of illustration only, contained in a picture not of the condition of the right of way as it existed before the fire but of a similar condition existing two years later, would be only in addition to the substantive evidence of the witnesses to prove the same fact. Nor does it appear in the record how the witness would have used the photograph to explain his testimony. *Woods v. Roadway Express, Inc.,* 223 N.C. 269, 25 S.E. 2d 856. Besides the defendant's defense was based largely on testimony that the fire originated elsewhere and was observed moving toward the railroad from the west before the advent of the locomotive. The ruling of the court in this respect was not of sufficient moment to warrant a new trial on that ground.

Plaintiffs' exception to the deposition of the witness Venters is without merit. The witness at the time of the trial was in Pittsburgh, Pennsylvania, and counsel had had full opportunity to cross-examine him, and had done so. There was no objection to the deposition noted before trial. G.S. 8-82.

Plaintiffs noted exception to the judge's instruction to the jury that it would constitute negligence on the part of the defendant to permit "inflammable and combustible material to be and remain thereon (on right of way) for a period of several months and did nothing to remove the same." While ordinarily it would not require "several months" to fix the railroad company with notice of the foul condition of its right of way, the instruction here complained of related to the testimony that nothing had been done to remove combustible matter from the right of way since December of the preceding year. *Herring v. R. R.,* 189 N.C. 285 (291), 127 S.E. 8.

The plaintiff excepted to the following portion of the court's charge to the jury:

"If you find said engine was equipped with proper spark arresters, and was in a reasonably good state of repair, but that sparks did escape therefrom at the point in question and upon the right of way of the defendant, and caught it on fire, and that the right of way of the defendant was at the time and at the place in question in a foul condition by reason of the negligence of the defendant, and that the fire so caused or originated upon the right of way of the defendant spread therefrom to the lands of the plaintiffs, and damaged said lands, it will be your duty to answer the first issue YES; if you are not so satisfied, it will be your duty to answer it No."

It is suggested that the effect of the last clause of this instruction was to tell the jury if they found the engine was not equipped with proper spark arrester and set out fire on a foul right of way they should answer the issue No. But we think the jury understood the meaning of this

instruction, in keeping with the tenor of the charge throughout, that if they found the engine was equipped with proper spark arrester and were not satisfied that sparks escaped therefrom and ignited combustible matter negligently left on the right of way they should answer the issue No.

The plaintiffs also excepted to the following portion of the judge's charge:

"I instruct you, gentlemen of the jury, there is in this case no evidence upon which you may properly find that the said engine was not operated by a skillful engineer, and in a reasonably careful manner or way."

Plaintiffs urge the view that a finding that the burning originated from fire thrown off from defendant's engine raised a presumption of fact that the engine was not properly equipped and properly handled by a skillful engineer, and that this presumption presented a matter for the consideration of the jury, and the judge thus expressed an opinion on the weight of the evidence in violation of G.S. 1-180. This requires consideration of the effect of the evidence offered by plaintiffs tending to show that the fire complained of was caused by sparks emitted from defendant's engine.

The plaintiffs based their action upon the allegation that the fire which burned over their land resulted from sparks emitted from defendant's engine, and that this was due to the negligence of the defendant in failing to have its engine equipped with proper and effective spark arresters and to the improper handling of the engine, as well as to the defendant's failure to keep and maintain its right of way reasonably free and clear of inflammable and combustible matter. It is well settled that a railroad company using coal burning engines as the motive power for its trains is not an insurer against loss to adjoining property occasioned by the escape of fire from its engines, and may be held liable therefor only on the ground of negligence. And where negligence is alleged as the basis of recovery of damages for loss by fire the burden of proof rests upon the plaintiff to establish such negligence by the preponderance of the evidence. However, where liability is sought to be imposed upon the railroad company for damages caused by fire set out by the company's locomotive on the ground, or as one of the grounds, that the locomotive at the time was not properly equipped with reasonably effective spark arresters in good condition, and that the engine was not operated in a careful manner, proof of the fact that the fire which burned over plaintiffs' land was caused by sparks emitted from the company's locomotive would make out a *prima facie* case, and it would then devolve upon the railroad company to rebut the *prima facie* effect of such evidence by showing that the locomotive was properly equipped with spark arresters which were in general and approved use and in good condition, and that the locomotive was handled with proper care, or incur the risk of an adverse verdict.

There are expressions in earlier decisions of this Court in which the *prima facie* effect of proof of fire caused by the emission of sparks from railroad locomotives is referred to as a presumption of fact which would of itself constitute evidence of negligence in the respects mentioned (*Aycock v. R. R.,* 89 N.C. 321; *Blue v. R. R.,* 117 N.C. 644, 23 S.E. 275; *Kornegay v. R. R.,* 154 N.C. 389, 70 S.E. 731; *Currie v. R. R.,* 156 N.C. 419, 72 S.E. 488; *Stemmler v. R. R.,* 169 N.C. 46, 85 S.E. 21; *Williams v. Mfg. Co.,* 177 N.C. 512, 99 S.E. 370; *Denny v. R. R.,* 179 N.C. 529, 103 S.E. 24; *Matthis v. Johnson,* 180 N.C. 130, 104 S.E. 366), but we think the rule is more accurately stated by *Justice Hoke* in *McDowell v. R. R.,* 186 N.C. 571, 120 S.E. 205, as follows: "The question presented has been the subject of extended discussion in this Court, and there has been some variety of decision concerning it, but it is the settled ruling of the later and prevailing cases that where it is shown that the property of a claimant has been destroyed by fire communicated from defendant's train, that will make a *prima facie* case carrying the issue of liability to the jury, and of itself and without more is sufficient to justify a verdict as for a negligent wrong. In numbers of the cases, particularly of the former time, it is said that the facts suggested raise a presumption of negligence, but, as shown in *Overcash v. Electric Co.,* 144 N.C. 572-582, and other cases, it is but evidence and termed presumptive only in the sense as stated, that it permits and justifies an inference of liability if the jury are thereby satisfied that a negligent wrong is established, and it should never have the effect of changing the burden of the issue by putting on the defendant, as was done in this instance, the burden of disproving the negligence charged, by the greater weight of the evidence."

And from 22 Am. Jur., at page 646, we quote: "But a more accurate expression of the rule, in the light of the authorities, is believed to be that when the plaintiff proves that sparks from a railroad locomotive set fire to his property, a *prima facie* case is presented, and it then devolves upon the railroad to rebut such *prima facie* case, and unless it does rebut the plaintiff's case, the plaintiff is entitled to recover without further proof."

What is meant by a *prima facie* case and its effect upon the production of proof has frequently been the subject of judicial discussion. *Royster v. Hancock,* 235 N.C. 110, 69 S.E. 2d 29; *Russ v. Tel. Co.,* 222 N.C. 504, 23 S.E. 2d 681; *Ferrell v. R. R.,* 190 N.C. 126, 129 S.E. 155; *McDaniel v. R. R.,* 190 N.C. 474, 130 S.E. 208; *Speas v. Bank,* 188 N.C. 524 (529), 125 S.E. 398; *McDowell v. R. R.,* 186 N.C. 571, 120 S.E. 205; *Page v. Mfg. Co.,* 180 N.C. 330, 104 S.E. 667; 59 A.L.R. 490; *Sweeney v. Erving,* 228 U.S. 233; *Continental Ins. Co. v. Chicago & N. W. Ry. Co.,* 97 Minn. 467.

The offering of sufficient evidence to make out a *prima facie* case does not affect the burden of proof. It only involves the risk of nonpersuasion.

*S. v. Davis,* 214 N.C. 787, 1 S.E. 2d 104. In *In re Will of Wall,* 223 N.C. 591, 27 S.E. 2d 728, it was said: "A presumption of fact used in the sense of an inference is a deduction from the evidence, having its origin in the well recognized relation between certain facts in evidence and the ultimate question to be proven." And in Wigmore on Evidence, sec. 2491, "A 'presumption of fact' in the loose sense, is merely an improper term for the rational potency, or probative value, of the evidentiary fact."

From *Gillett v. Traction Co.,* 205 Mich. 410, we quote: "It is now quite generally held by the courts that a rebuttable or *prima facie* presumption has no weight as evidence. It serves to establish a *prima facie* case, but if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, without giving any evidential force to the presumption." This statement of the law was quoted with approval in *In re Will of Wall, supra,* and in *Jeffrey v. Mfg. Co.,* 197 N.C. 724 (727), 150 S.E. 503.

"The burden of proof in a civil action is not shifted when the plaintiff makes out a *prima facie* case, nor is the defendant required to offer evidence to rebut a *prima facie* showing, or to escape liability on such a showing. A *prima facie* case means, and means no more, than evidence sufficient to justify, but not to compel, an inference of liability, if the jury so find. It furnishes evidence to be weighed, but not necessarily to be accepted, by the jury. It simply carries the case to the jury for determination, and no more." *McDaniel v. R. R.,* 190 N.C. 474, 130 S.E. 208.

Here there was no evidence that the engine from which it was alleged the destructive fire escaped was improperly handled. On the contrary, the uncontradicted testimony was to the effect that this was a passenger engine drawing a train consisting of only two coaches, moving over a level countryside, on approximately schedule time, with no unusual strain to require unnecessary expulsion of sparks from smokestack or fire from the ashpan. Nor was there anything to indicate unskillfulness on the part of the engineer. Hence to instruct the jury that there was no evidence upon which they could properly find that the engine was not operated by a skillful engineer and in a reasonably careful manner, may not be held to constitute prejudicial error. There was sufficient evidence under the rule to carry the case to the jury, but the burden of the issue was at all times upon the plaintiffs.

The plaintiffs noted exception to the manner in which the court stated the contentions of the parties in several particulars, but an examination of the entire charge fails to disclose any unfairness, or to afford ground for serious complaint.

The plaintiffs brought forward in their appeal 49 assignments of error. We have examined each of these, whether herein discussed or not, and reach the conclusion that no error has been made to appear of sufficient

moment to warrant a new trial. In our opinion the record does not afford substantial ground which would justify us in disturbing the result. No error.

PARKER, J., took no part in the consideration or decision of this case.