This action was brought to recover damages for the burning of plaintiff's timber, alleged to have been caused by defendant's negligence in permitting sparks to escape from its engine. Defendant was engaged in operating a steam logging skidder for the purpose of removing sawlogs from its woods, to be carried over its tramroad to the mill. In order to operate the skidder, defendant had cleared a space adjoining it, and known as a log-deck, by removing the trees and some of the undergrowth and piling them 30 or 40 feet away from the skidder. The fire started in the tree-tops, which had become very dry and combustible during a long period of drought and warm weather. Some of the witnesses had seen sparks, on the day before the fire, coming from the defendant's engine at the skidder, and there were coals on the ground near the skidder. The log-deck or right of way, as it is called in the record, was covered with dry and inflammable grass and leaves, though one of the witnesses stated that the fire did not originate there, but in the tree-tops at the edge of the log-deck. It also appeared that defendant ran a dummy engine on its tramroad, near the place where the fire started, though no one saw any sparks emitting from it. There was no fire in the vicinity except the fires in the two engines. There was evidence that the fire broke out during the dinner hour, when the logging engine was shut down and its fires banked, so that it could not emit any sparks, but one witness testified that the fire may have been set out before the engine was stopped, as it was only from twenty to forty minutes from the time the draft of the engine was shut off until the fire was first seen in the tree-tops. There was other evidence not necessary to be stated. There was a verdict for plaintiff, and a judgment being entered thereon, defendant appealed.
After stating the case: The defendant asked for a judgment of nonsuit, and its refusal presents the main question in the case. The familiar rule is that the evidence, upon such a motion, should be considered in its most favorable light for the plaintiff, and every fact which it proves or tends to prove should be taken as established. With this guide before us, we are led unhesitatingly to the conclusion that the ruling of the court was correct. It is true, the fire did not originate *Page 303 
within the log-deck, but on its edge, where the defendant had caused very inflammable material to be piled, and the fire started in this brushheap only 30 feet from the skidder, as the jury might well have found, there being circumstantial evidence that it was communicated from the engine of the skidder. The jury were fully instructed as to the law of the case, and they were told that if defendant allowed dry and combustible matter to accumulate on its land, in such close proximity to its engine that it exposed adjacent property to unnecessary peril, and the fire was caused by sparks or coals from the engine, a prima facie case of negligence was made out, and in this view, the case was properly submitted to the jury, upon all the evidence, to find the fact whether the brush-heap was fired by sparks from a negligently constructed or operated engine.
If the fire was not caused by the engine, or, if so caused, the engine was properly constructed and operated, the defendant is not liable, because in that event there has been no breach of a duty owing to the plaintiff. The best constructed engines may sometimes emit live sparks. If there was negligence in the construction or operation of the engine, and the fire proximately resulted therefrom, the liability of the defendant from the consequent danger is apparent. All this was correctly stated and explained to the jury by the learned judge who presided at the trial, and the charge of the court, when properly construed, was in perfect conformity with our decisions.
It can make no difference whether the sparks lighted on or off the right of way, if they kindled the fire and destroyed plaintiff's trees, there was a sufficient case of prima facie negligence for submission to the jury, upon the whole evidence, to find the ultimate fact of (373) negligence. This Court has been most pronounced in its opinion upon this subject, and has adhered steadily and strictly, without the shadow of turning, to the just rules which have heretofore been promulgated. We repeat them here once more:
"1. If fire escapes from an engine in proper condition, having a proper spark arrester, and operated in a careful way by a skillful and competent engineer, and the fire catches off the right of way, the defendant is not liable, for there is no negligence.
"2. If fire escapes from an engine in proper condition, with a proper spark arrester, and operated in a careful way by a skillful and competent engineer, but the fire catches on the right of way, which is in a foul and negligent condition, and thence spreads to the plaintiff's premises, the defendant is liable. Moore v. R. R., 124 N.C. 341; Phillips v. R. R.,138 N.C. 12. *Page 304 
"3. If fire escapes from a defective engine, or defective spark arrester, or from a good engine not operated in a careful way or not by a skillful engineer, whether the fire catches off or on the right of way, and causes damage, the defendant is liable." Williams v. R. R., 140 N.C. 623.
These rules have been approved for a very long period and in numerous cases. Ellis v. R. R., 24 N.C. 138; Chaffin v. Lawrance, 50 N.C. 179;Aycock v. R. R., 89 N.C. 321; Craft v. Timber Co., 132 N.C. 151; Haynes v.Gas Co., 114 N.C. 203; Knott v. R. R., 142 N.C. 238; Cox v. R. R.,149 N.C. 117; Deppe v. R. R., 152 N.C. 79; Kornegay v. R. R., 154 N.C. 389;Currie v. R. R., 156 N.C. 419; Mizzell v. Mfg. Co., 158 N.C. 265; Hardy v.Lumber Co., ante, 113. Where the fire is caused by sparks falling from the engine on a foul right of way, the railroad is liable for the ensuing damage to others, as it is per se negligence to keep such a right of way which would constantly expose their property to the risk of fire. Where the act of negligence is charged to be a defective engine, it can make no material difference whether the spark lights within or without the right of way, and the following rule must prevail:
"The decided weight of authority and of reason is in favor of (374) holding that, the origin of the fire being fixed upon the railroad company, it is presumptively chargeable with negligence, and must assume the burden of proving that it had used all those precautions for confining sparks or cinders (as the case may be) which have already been mentioned as necessary." S. Redf. on Negligence, sec. 676.
The liability is fixed, first, if the fire was ignited on a foul right of way, and, second, if not on the right of way, then if the engine was negligently constructed or operated, the fact also being found that the fire originated from the engine and was the proximate cause of the damage — an event reasonably foreseeable as the natural and probable result of the negligent act. Hardy v. Lumber Co., supra. But in this case the tree-tops had been piled by the defendant, for its own purpose and convenience, so near the engine and had become so parched and inflammable by the effect of the dry weather upon it that it easily ignited from the sparks and was carried by the strong north wind, which had already set in that direction, to the plaintiff's adjoining land and timber, and thereby caused the damage of which he complains. This is what the jury evidently found, under the evidence and the charge of the judge, and it made out at least a case of actionable negligence against the defendant.
The criticism of the charge by defendant's counsel might be just and the exception to it well taken, if it could be restricted to the detached portion thereof which is the object of attack, as it is not quite as explicit, *Page 305 
perhaps, as it should have been, but when these isolated sentences or extracts are construed with the other parts of the charge, and viewing the latter in its entirety and thus reading it as a whole, as we are required to do (S. v. Exum, 138 N.C. 599; S. v. Lance, 149 N.C. 551), the meaning of the judge could not well have been misunderstood by an intelligent jury. We have recently said that "The charge is to be considered as a whole in the same connected way in which it was given, and upon the presumption that the jury did not overlook any portion of it. If, when so construed, it presents the law fairly and correctly to the jury, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded (375) as erroneous." Kornegay v. R. R., 154 N.C. 389; Thompson on Trials, sec. 2407. This case is much like Craft v. Timber Co., supra, where we held that piling dry tree-tops or other combustible matter so near its track as to expose adjacent property to the danger of being destroyed or injured by sparks from one of its passing engines was an act of negligence, and, if the proximate cause of the injury, was actionable.
It does not appear, in this case, what was the precise extent of defendant's right of way, so called; but whatever it was the fact remains that defendant accumulated dangerously inflammable material on its own premises, so near its skidder as to be ignited by a spark from the engine, and thereby communicated fire to plaintiff's trees, and the law, ancient and modern, requires that he should be recompensed for his loss. "If fire break out and catch in thorns, so that the stacks of corn, or the standing corn, or the field, be consumed therewith, he that kindleth the fire shall surely make restitution," was the Mosaic doctrine; and "So use your own as not to injure another" (sic utere tuo ut non alienum loedas) is that of the common law, which also recognizes and enforces the law of compensation.
The other exceptions require little, if any comment. The testimony of the witnesses Hobbs and the Hargroves was competent to show that the engine had emitted sparks the day before, as bearing upon its defective condition, and the fact that coals which had come from the engine were lying on the log-deck was also a relevant fact for the same reason. Knott v. R. R.,supra. The exclusion of Hefty's testimony was not error. The judge might well have admitted it, but we think that the witness had just before testified substantially to the same fact.
We have carefully examined all the assignments of error, but have failed to discover any ground for a reversal.
No error.
Cited: In re Smith's Will, 163 N.C. 466; Wheeler v. Cole, 164 N.C. 380;Hodges v. Wilson, 165 N.C. 333; McNeill v. R. R., *Page 306 167 N.C. 394; Reynolds v. Palmer, Ib., 454; Montgomery v. R. R.,169 N.C. 249; Lloyd v. Bowen, 170 N.C. 220; McCurry v. Purgason, Ib., 467;McBee v. R. R., 171 N.C. 112; Monk v. Goldstein, 172 N.C. 519.
(376)