THE BANK OF UNION v. S. N. STACK ET AL.

(Filed 5 May, 1920.)

1. **Evidence—Surrounding Circumstances—Appeal and Error—Trials.**

While evidence should be rejected upon the trial which merely tends to excite prejudice, or is conjectural or remote, it is not required that it bear directly on the question at issue, and it is competent and relevant if it is one of the circumstances surrounding the parties and necessary to be known to properly understand their conduct and motives, or to weigh the reasonableness of their contentions.

2. **Same—Bills and Notes—Negotiable Instruments—Principal and Surety —Mortgages—Release—Conditions.**

There was evidence tending to show that an endorser at the bank of a note did so upon condition that the holder of a mortgage note from the same maker would release the mortgage, so that the note presently given should be a first mortgage on the property, and that the bank knew of this transaction and agreed thereto upon consideration that a certain indebtedness of the mortgagee to the bank be paid with a part of the proceeds of the note, and an officer of the bank testified that the transaction had been made unconditionally, and not conditionally upon the

BANK *v.* STACK.

cancellation of the prior mortgage: *Held*, competent for defendant surety to show that the mortgagor was insolvent at the time of the transactions, as bearing materially upon the credibility of the plaintiff bank's contention that it would not have thus surrendered a solvent paper, and the counter proposition that this paper was of no value.

3. **Courts—Verdict Set Aside—Evidence—Matters of Law—Appeal and Error—Objections and Exceptions—New Trials—Judgments.**

Where the judge erroneously overrules as a matter of law his previous ruling upon the admission of evidence, as the basis for setting the verdict aside, the order vacating the verdict will be set aside on appeal, with direction that judgment be entered on the verdict, and when so entered the appellant may then have the right of appeal and present his exceptions taken on the trial.

APPEAL by defendants from *Lane, J.,* at the August Term, 1919, of UNION.

This is an action on a note for $540.75, executed by L. S. Small as principal, and the defendant, S. N. Stack, as surety.

The execution of the note was admitted, but the defendant alleged that the delivery of the note was conditional.

Small, the principal in the note, was indebted to S. L. McManus in the sum of about $1,100, secured by a chattel mortgage. McManus was about to foreclose his mortgage, but upon Small requesting further indulgence, agreed that if he, Small, would pay $800 cash he would carry the balance another year. Small stated to McManus that he had only $300 in cash, and McManus then suggested that if Small would borrow $500 he would release his chattel mortgage in favor of the lender of that sum.

Small then went to the plaintiff bank to borrow $500, and the bank agreed to lend that sum if the defendant Stack would sign Small's note, and if he could retain out of the $500 a note for $268.61 held by the bank against McManus, to which McManus agreed. Small then went to see the defendant Stack to get him to sign the note as surety.

The defendant offered testimony tending to prove that he did sign the note upon the agreement that McManus would release his mortgage, and that the bank should take a first mortgage on the property as security for the note; that the bank was informed of this agreement.

Small testified, among other things: "I carried this note to the bank. Dr. Funderburk went with me. I left the note with Mr. Blakeley and told him *to keep it until Mr. McManus released his chattel mortgage, or canceled it, so that the one I gave the bank would be a first lien on the property. Mr. Blakeley agreed to do this,* and I told him if Mr. McManus canceled this paper or released it so that the mortgage I gave the bank would be a first lien I would give McManus a check, and if he received my check at the bank he might know the arrangements had

gone through. If he did not receive the check, *then he could hold the papers and I would get them some time when I was in Monroe. He said he would do this,* and told me to be sure not to make any check unless I got the arrangements through with McManus."

The president of the bank testified, in behalf of the defendant, in substance, that the note was delivered absolutely and without conditions, and that, as soon as the transaction was completed, he marked the McManus note paid, and sent it to McManus and gave Small credit for the balance of the $500.

McManus was introduced as a witness for the plaintiff, and upon cross-examination stated, over the objection of the plaintiff, that he was insolvent at the time of these transactions, to which the plaintiff excepted.

The jury returned the following verdict:

"1. Did the defendant execute the note sued on in this action? Answer: 'Yes.'

"2. In what amount, if any, is defendant indebted to plaintiff on said note? Answer: 'Nothing.'"

The plaintiff moved to set the verdict aside, and for a new trial.

The motion to set the verdict aside, and for a new trial for errors of law, and that the verdict is against the weight of the evidence, came on to be heard.

The court set aside the verdict as matter of law, for that it erred in admitting evidence of the insolvency of Samuel McManus.

To this the defendant excepts, and appealed to the Supreme Court.

*Stack, Parker & Craig for plaintiff.*
*R. B. Redwine for defendant.*

ALLEN, J. The relevancy of evidence is frequently difficult to determine, because men's minds are so constituted that a circumstance which impresses one as having an important bearing on a controverted issue, appears to another to have no probative force.

All the authorities are agreed that if the evidence is merely conjectural or is remote, or has no tendency except to excite prejudice, it should be rejected, because the reception of such evidence would unduly prolong the trial of causes, and would probably confuse and mislead the jury, but it is not required that the evidence bear directly on the question in issue, and it is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known to properly understand their conduct or motives, or to weigh the reasonableness of their contentions.

Greenleaf says (1 Green. Ev., sec. 51a) : "It is not necessary that the evidence should bear *directly* on the issue. It is admissible if it *tends* to prove the issue or constitutes a link in the chain of proof, although alone it might not justify a verdict in accordance with it."

Taylor (1 Tay. Ev., sec. 316) : "While he (the judge) shall reject, as too remote, every fact which merely furnishes a forceful analogy or conjectural inference, he may admit as relevant the evidence of all those matters which shed a real, though perhaps an indirect and feeble light on the question in issue.

"The circumstances of the parties to the suit, and the position in which they stood when the matter in controversy occurred, are generally proper subjects of evidence; and, indeed, the change in the law enabling parties to give testimony for themselves has rendered this proof of surrounding circumstances still more important than it was in former times."

Jones (1 Jones Ev., sec. 138) : "It has been demonstrated that testimony, obviously collateral to the issues, which would merely tend to prejudice the jury, must be rejected; but where there is such logical connection between the fact offered as evidence and the issuable fact, that proof of the former tends to make the latter more probable or improbable, the testimony proposed is relevant, if not too remote. 'The competency of a collateral fact to be used as the basis of legitimate argument is not to be determined by the conclusiveness of the inferences it may afford in reference to the litigated fact. It is enough if these may tend, even in a slight degree, to elucidate the inquiry or to assist, though remotely, to a determination probably founded on truth.' Where there is a conflict of testimony of witnesses, evidence is admissible of collateral facts, which have a direct tendency to show that the testimony of one set of witnesses is more probable than that of the other."

Applying this principle, we are of opinion that the evidence of the insolvency of McManus was competent and relevant.

The question in issue was whether the note in suit was delivered to the plaintiff bank with or without conditions.

The president of the bank testified that there were no conditions; that the delivery was absolute, and that according to the agreement between the parties he used a part of the proceeds of the note to pay a note which McManus owed the bank, and canceled and surrendered the McManus note.

In the absence of other evidence, the McManus note, on which the bank had loaned money, would be accepted as solvent paper, and the fact that the bank had surrendered a valuable asset at the time of the transaction would be a circumstance tending to corroborate the evidence of its president.

It might well be argued, and with much force, that the evidence of the president must be true, and the delivery unconditional, as otherwise he would not, at the time when the transaction was fresh in mind, have surrendered a solvent paper, which he would not have had the right to do if the note in suit had been delivered, conditionally, and to meet this view it was competent to prove that the makers of the note surrendered were insolvent, and that the bank parted with nothing of value.

It follows, therefore, as the evidence of insolvency was properly admitted, that the ruling of his Honor, setting aside the verdict as matter of law because of its admission, was erroneous. Let the order vacating the verdict be set aside, and let judgment be entered on the verdict for the defendant, and when so entered the plaintiff will have the right of appeal, if so advised, and to present its exceptions taken on the trial.

Reversed.