OVAL OAK MANUFACTURING COMPANY v. ATLANTIC & YADKIN R. R.
CO., A. E. SMITH AND J. Y. FRY, RECEIVERS.

(Filed 27 January, 1926.)

**1. Railroads—Negligence—Fires.**

It is required of a railroad company in the operation of its trains to
use due care to have its locomotives equipped with a proper spark
arrester, etc., such as are approved and in general use, and that they
are run in a careful manner in regard to the escape of sparks there-
from, but not that sparks shall not otherwise escape.

**2. Same—Burden of Proof.**

In an action to recover damages against a railroad company for the
negligent setting out of sparks from its passing locomotive, the burden
rests throughout the trial upon the plaintiff to show that the defendant
was negligent, and that this negligence was the proximate cause of the
injury.

**3. Same—Evidence—Prima Facie Case.**

Where the plaintiff has shown by his evidence that a spark from a
passing locomotive of defendant railroad company set fire to his prop-
erty, he makes out a prima facie case, that the fire causing the damage
was from the negligent equipment or operation of the locomotive, which
is sufficient to take the case to the jury upon the issue, but does not
change the burden of proof.

**4. Same—Nonsuit—Questions for Jury.**

Evidence that the plaintiff's warehouse caught fire about one-half
hour after the defendant's locomotive had passed nearby, on an up-
grade, emitting sparks and hot cinders, which from the direction of the
wind and the combustible material at the place it caught, indicated that
the fire had started from these sparks or hot cinders, and that there
was no fire at the time in or about the place, is sufficient to deny defend-
ant's motion as of nonsuit thereon.

APPEAL by defendants from *Devin, J.,* at August Term, 1925, of
CHATHAM. No error.

Civil action to recover damages for loss of plaintiff's warehouse and
contents, destroyed by fire alleged to have been caused by defendant, in
negligently operating an engine with a defective spark arrester over its
railroad passing by said warehouse, and thereby causing sparks and fire
emitted by said engine to fall upon and set fire to said warehouse. Upon
defendant's denial of liability, the following issues were submitted to
and answered by the jury:

1. Was plaintiff's property burned by the negligence of defendant as
alleged in the complaint? Answer: Yes.

2. What damages, if any, is plaintiff entitled to recover therefor?
Answer: $6,000.

From judgment upon this verdict, defendant appealed.

*Long & Bell and Wade Barber for plaintiff.*
*Walter D. Siler and King, Sapp & King for defendants.*

CONNOR, J. The only assignment of error, upon this appeal, is based upon defendant's exception to the refusal of the court to allow defendant's motion first made at close of plaintiff's evidence and upon denial renewed at the close of all the evidence, for judgment as in case of nonsuit; C. S., 567. No exception was taken to the admission or rejection of evidence, or to instructions of the court to the jury. The charge was clear, full and correct. The court instructed the jury that it was the duty of defendant to exercise due care to keep and maintain, in reasonably proper and effective condition, such means and appliances for the prevention of the escape of fire from its engine as are approved and in general use by railroad companies of the character of defendant in this section of the country; that it was also its duty to exercise due care to have its engines handled in a reasonably proper manner by a reasonably competent and skillful engineer; that the law does not require railroad companies to prevent the escape of fire from engines entirely, but only to use reasonable care to prevent such escape—such reasonable care being that which a reasonably prudent man, under like circumstances, and charged with a like duty, would have exercised. Necessarily steam engines must emit smoke and some fire and cinders. "Before the plaintiff can recover from the railroad company he must show the jury, by the greater weight of the evidence, that the railroad company has failed to exercise reasonable care to prevent the escape of fire and that such failure of duty upon the part of the railroad company was the proximate cause of the injury."

The court instructed the jury that the burden of proof was on the plaintiff, in the first place, to satisfy the jury that the fire which destroyed plaintiff's property was set out and caused by defendant, that is, that sparks from defendant's engine caused the fire which destroyed the warehouse. "If the plaintiff has failed to satisfy you about that, then you would answer the first issue, 'No,' and the plaintiff would go out of court; but if the plaintiff has satisfied you, by the greater weight of the evidence, that the fire which burned the warehouse was caused by sparks which came from defendants' engine, that fact alone would not entitle plaintiff to have you answer the issue in its favor. The plaintiff must further satisfy you, by the greater weight of the evidence, that the escape of the sparks from the engine was due to the negligence of defendant; but there is this rule of law which the courts lay down: If the jury finds from the evidence, and by its greater weight, that fire came out of defendant's engine and set fire to and burned up plaintiff's warehouse, that will make what we call in law a prima facie case; not that that fact alone would decide the matter, but if found by the jury,

it would be sufficient to carry the case to the jury to determine upon all the evidence whether they are satisfied by its greater weight that the escape of the sparks from the engine was due to the negligence of defendant as alleged in the complaint. The burden of proof is always on the plaintiff to show the jury by the greater weight of the evidence not only that the defendant caused the fire which destroyed plaintiff's property, but also that the fire was due to the negligence of defendant as alleged. The burden of proof does not change; the law does not require that the defendant shall offer evidence—it may do so or not as it sees fit."

These instructions are fully supported by many decisions of this Court. *Dickerson v. R. R.,* 190 N. C., 292; *Cotton Oil Co. v. R. R.,* 183 N. C., 95; *Williams v. Mfg. Co.,* 177 N. C., 512; *Bradley v. Mfg. Co.,* 177 N. C., 153; *Perry v. Mfg. Co.,* 176 N. C., 68; *Bailey v. R. R.,* 175 N. C., 699; *Boney v. R. R.,* 175 N. C., 354; *Moore v. R. R.,* 173 N. C., 311; *Aman v. Lumber Co.,* 160 N. C., 370; *Hardy v. Lumber Co.,* 160 N. C., 113; *Currie v. R. R.,* 156 N. C., 419; *Kornegay v. R. R.,* 154 N. C., 389; *Deppe v. R. R.,* 152 N. C., 79; *Cox v. R. R.,* 149 N. C., 117; *Knott v. R. R.,* 142 N. C., 238; *Williams v. R. R.,* 140 N. C., 623; *Craft v. Timber Co.,* 132 N. C., 151.

The evidence offered by plaintiff tends to show on 8 October, 1924, it owned a warehouse situate just off defendant's right of way between 50 and 60 feet from the center of its track and about 400 feet north of defendant's station at Siler City; this warehouse and its contents were completely destroyed by fire on the afternoon of 8 October, 1924, between 3 and 4 o'clock; when the fire was first discovered it was burning in the northeast corner of the warehouse next to the railroad; the wind was blowing west from the railroad toward the warehouse; defendant's track from the station north to and beyond the warehouse is slightly elevated and upgrade.

A passenger train operated by defendant on its track running by plaintiff's warehouse, passed going north about 30 or 35 minutes before the fire was discovered; a large quantity of broom corn had been stored by plaintiff in the warehouse and much of this had shattered and sifted through the cracks in the floor to the ground beneath the warehouse. The fire was first discovered underneath that portion of the warehouse in which the broom corn was stored.

When defendant's passenger train passed the warehouse about 3 o'clock, p. m., the engine was emitting cinders which fell upon persons at work nearby. These cinders were so hot that comment was made by these persons who were standing about 5 feet from the track and about 65 feet from the warehouse. About 30 or 35 minutes after the train passed smoke was observed coming from beneath the warehouse and in a few minutes the building was in flames. Employees of plaintiff were at

work in the warehouse until 9:30 a. m. on that day and at 1 p. m., an employee went into the warehouse, closed and locked the doors. There was no fire in or about the warehouse that day prior to the passing of defendant's train. Defendant's train left the station going north about 3 p. m. The fire was seen by a witness who was a quarter of a mile away before 4 o'clock. Smoke was coming from the northeast corner of the warehouse, next to the railroad where the broom corn was stored.

We cannot hold that this evidence was not sufficient to be submitted to the jury upon plaintiff's contention that sparks or burning cinders emitted from defendant's engine set fire to plaintiff's warehouse. *Boney v. R. R., supra; Deppe v. R. R., supra.* If this fact, to wit, that defendant's engine emitted sparks or burning cinders which caused the fire which destroyed plaintiff's property, was found by the jury, it was sufficient to be considered by them, as evidence to sustain plaintiff's allegation that the fire was caused by the negligence of defendant, either in failing to have and maintain a proper spark arrester on its engine, or in negligently operating the engine as it passed the warehouse within 50 or 60 feet on the track which was slightly elevated or upgrade. "The fact that a spark from an engine caused the fire, whether on or off the right of way is evidence of negligence, although not conclusive." *Justice Walker* in *Williams v. Mfg. Co.,* 177 N. C., 512. Evidence offered by defendant tended to show that there was no failure on part of defendant to perform its duty with respect to the spark arrester, or with respect to the manner in which the train was operated. There was no error, however, in submitting the issues to the jury, upon all the evidence. There was evidence sufficient to support the answers to both issues. There is no error of law or legal inference which entitles defendant to a new trial. The judgment is affirmed.

No error.