STAR MANUFACTURING COMPANY v. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 2 December, 1942.)

**1. Evidence § 6: Negligence § 17a—**

The burden of the issue is never shifted from the plaintiff, in an action
for damages by negligence, and the most a *prima facie* case does, when
made out, is to warrant, but not compel, a verdict for the plaintiff and
therefore to carry the case to the jury. A *prima facie* case does not
impose upon the defendant the burden of rebuttal by a preponderance of
the evidence.

**2. Evidence §§ 16, 19, 22—**

The interest of a party or of a witness, in the event of the cause, is a
circumstance available to impeach him; and a witness may be asked any
questions on cross-examination which tend to test his accuracy, to show
his interest or bias, or to impeach his credibility. *Holding,* in an action
for damages allegedly caused by the negligent burning of a corporation's
property, that the president of the corporation may be asked, on cross-
examination, about his financial experiences and insolvency before and at
the formation of the corporation, and his son's and wife's interests therein,
and the present status of the corporate finances.

**3. Evidence §§ 24, 25—**

It is not necessary that evidence should bear directly on the issue. It
is admissible if it tends to prove the issue or constitutes a link in the
chain of proof, although alone it might not justify a verdict. *Holding*
competent, on the issue of the origin of a fire at a lumber plant adjoining
a railroad, evidence (1) that the night watchman of a near-by plant had
seen on several occasions people loitering around plaintiff's plant at night,
using flashlights and striking matches; (2) that metal cans, of the size
"paraffin is mostly put in," which "had been exploded," were found on the
premises after the fire; (3) that plaintiff had at its plant an oil stove used
to heat a glue pot.

**4. Evidence § 33—**

Evidence of tax value listings on real estate, owned by parties to an
action, is not competent on an issue of valuation, while evidence of such
listings on personal property is competent on such an issue.

**5. Evidence § 36—**

The trial court's refusal to grant plaintiff's motion, for an order that
defendant produce certain written statements signed by witnesses, em-
ployees of defendant, which statements these employees testified they
used to refresh their recollection before becoming witnesses, was not
error, the granting of such motion being in the discretion of the court,
C. S., 1823, 1824, and the record failing to show that the requirements of
these statutes were met by plaintiff, or that the written statements were
in court.

**6. Appeal and Error § 39d—**

 Plaintiff's exceptions and assignments of error to the admission of evidence are rendered impotent, where plaintiff's motions to strike the answers to the questions involved were allowed.

**7. Appeal and Error § 39e: Trial § 33—**

 Any substantial errors, made by the court in the statement of the evidence or in the statement of the contentions of the parties, must be called to the attention of the court at the time they are made, in order to give opportunity to make correction, and the failure to so call them to the court's attention is a waiver of any right to object and except thereto on appeal.

**8. Railroads § 12: Negligence § 20—**

 Where there is no evidence that the fire originated on defendant's right of way, in an action against a railroad for negligently burning plaintiff's property, the court properly instructed the jury that their only inquiry as to negligence should be as to whether the engine of defendant was properly equipped, manned and managed.

**9. Same—**

 In a case against a railroad for negligent burning, a charge to the jury is correct which states that a railroad is not required to be an insurer that no live sparks or cinders will come from the engine operated on its tracks, and should the jury find that the defendant used due care to prevent the escape of sparks and cinders and notwithstanding such care so found, if it should be found that the fire was caused by sparks and cinders from defendant's engine, the jury should answer the issue of negligence in the negative.

APPEAL by plaintiff from *Harris, J.,* at April Term, 1942, of JOHNSTON. No error.

This is an action to recover damage arising out of the destruction of plaintiff's mill, machinery, equipment and stock on hand by fire alleged to have been caused by sparks emitted from a locomotive of the defendant. The case was submitted to the jury upon two issues, which read: "1. Was the property of the plaintiff burned and damaged by negligence of the defendant as alleged in the complaint?" and "2. If so, what damage is plaintiff entitled to recover?"

All of the evidence tended to show that in Benson on 9 May, 1941, about 8 o'clock p.m., the freight train No. 2006 of the defendant passed the lumber mill of the plaintiff, on a lot near the right of way of the defendant, and that soon thereafter a fire was discovered about the mill, which spread rapidly and destroyed the building and its contents.

The jury answered the first issue in the negative, and left the second issue unanswered. From judgment for the defendant predicated on the verdict, the plaintiff appealed, assigning errors.

*L. L. Levinson and Ehringhaus & Ehringhaus for plaintiff, appellant.*
*Thomas W. Davis, Abell, Shepard & Wood, and Rose & Lyon for defendant, appellee.*

SCHENCK, J. Appellant's assignments of error Nos. 1 and 2 relate to the evidence elicited from the president of the plaintiff company, on cross-examination, over plaintiff's objection, as to his own financial experiences (covering exceptions 1 to 12, inclusive), including testimony to the effect that the witness, R. F. Smith, was financially insolvent before the formation of the plaintiff corporation, that the corporation was formed in 1917 by funds of his wife, $2,500.00, and that there were issued 25 shares of stock in the corporation, 23 of which are owned by his wife, and one share each by him and his son, Roy Smith, and that the corporation now owned property, real and personal, of many thousand dollars value. These exceptions are untenable, as all of the testimony assailed by them tended to show the interest and bias of the witness in the litigation, and was therefore competent to impeach his testimony. "There is no doubt that the interest of a party or of a witness, in the event of the cause, is a circumstance available to impeach him." Wigmore on Evidence, Vol. II, sec. 966. "Evidence tending to show bias on the part of a witness is competent as it enables the jury to properly weigh and consider his testimony." *Bailey v. Winston,* 157 N. C., 253, 72 S. E., 966. "Ordinarily, a witness may be asked any questions on cross-examination which tend to test his accuracy, to show his interest or bias, or to impeach his credibility." *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.

The next assignment of error discussed in appellant's brief is designated as assignment of error No. 3 (covering exceptions 13 and 17 to 20, inclusive), and relates to the admission, over objections of plaintiff, of evidence as to statements made relative to valuations in the tax listings of the property destroyed by fire. The rule with us, ordinarily, is that evidence of tax value listings on real estate is not competent on an issue of valuation, while evidence of such listings on personal property is competent on such an issue. The evidence assailed refers to tax listings on personal property. And, further, a large part thereof relates to what the officers of the plaintiff company represented concerning the values placed on the personal property by them at the time the listments were made, such values being far less than the values sued for and testified to in the trial, the former being $3,575.00 and the latter being something over $107,000.00. Such evidence was competent to contradict, and thereby impeach, the testimony of said officers.

In speaking to the subject of alleged damage by fire, in *Peterson v. Power Co.,* 183 N. C., 243, 111 S. E., 8, *Walker, J.,* says: "It would be competent to show any estimate of its value made by the plaintiff (the owner of the damaged property) . . ."

The difference in the rule with regard to the competency of the tax list as to the value of real estate and the value of personal property

doubtless has its origin in the fact that the owner is required by the Machinery Acts to list his real estate by acreage, dimensions or other physical description, together with location, while he is required to list the "amount and value" of his personal property. In real estate listments the value is fixed by the tax authorities; in personal property listments the value is fixed, or, at least, "given in" by the owner, hence the values in the former would not be statements made by the owner in contradiction of subsequent statements made by him at variance therewith, they being *res inter alios acta,* whereas in the latter the reverse would be true.

Assignment of Error No. 3 is untenable.

Assignment of Error No. 4 (covering exceptions 14, 15 and 16) relates to the court's refusal to grant the plaintiff's motion for an order that the defendant produce certain written statements signed by the engineer, fireman and brakeman soon after the fire occurred, which these employees of the defendant testified they used to refresh their recollection before becoming witnesses. This assignment is untenable for the reason that C. S., 1823 and 1824, furnishing the method by which writings in the possession of an opposing party may be produced for inspection and copy, contain certain requirements of the party making application for an order for such production, and the record fails to disclose that any of such requirements were met by the plaintiff. Furthermore, when the requirements of the applicant are met, the statute does nothing more than vest the granting of such application in the discretion of the judge. *Bank v. Newton,* 165 N. C., 363, 81 S. E., 317; *Dunlap v. Guaranty Co.,* 202 N. C., 651, 163 S. E., 750. And, still further, it does not appear that the witnesses used, or attempted to use, on the stand the writings sought to be produced, nor that such writings were in court at the time they were testifying, which, it seems by the weight of authority, was requisite for their compulsory production. See case note citing authorities, including those of this jurisdiction, in 125 A. L. R., p. 200.

Assignments of Error Nos. 5 and 6 (covering exceptions 21 to 28, inclusive, and 28 A and 28 B), relate to exceptions to various evidence as to certain persons being upon the premises of the plaintiff at other times than the actual time of the fire, and as to certain articles and appliances used and found upon the premises before and after the fire.

A number of the exceptions covered by these assignments are rendered impotent by reason of the fact that plaintiff's motions to strike the answers to the questions to which they were addressed were allowed, among these being exceptions 21, 22 and 23, relative to people on the premises destroyed by fire.

Exceptions 24, 25, 26 and 27 all relate to the testimony of the witness Norris, who was a night watchman at the Benson Oil Mill located just

across the tracks of the defendant railroad from the plant of the plaintiff, to the effect that he had seen on several occasions people loitering around the plaintiff's plant at night using flashlights and striking matches under the plant. This testimony was competent to show that the fire which destroyed plaintiff's plant could have started from causes other than those alleged in the complaint. This evidence has especial significance, since the same witness testified, without objection, that he saw a car drive up to the plant of the plaintiff the night of the fire, and that men from the car were there about an half of hour before the fire was discovered.

Exception 28 relates to the testimony of the witness Hardee to the effect that after the fire he saw in the possession of the foreman of the plaintiff's plant certain metal cans found on premises after the fire which "had been exploded; they were blown open" and were "size 1½. Paraffin is mostly put in 1½ size cans." This evidence cannot be held to be foreign to the issue under investigation since it related to facts and circumstances which might have thrown light upon the fact sought to be ascertained, namely, the origin of the fire—it at least tended to establish a link in the chain of proof. "Greenleaf says (1 Green. Ev., sec. 51a), 'It is not necessary that the evidence should bear directly on the issue. It is admissible if it tends to prove the issue or constitutes a link in the chain of proof, although alone it might not justify a verdict in accordance with it.'" *Bank v. Stack,* 179 N. C., 514, 103 S. E., 6.

Exception 28 A has no merit since the defendant's motion to strike the answer to the question to which it was addressed was allowed.

Exception 28 B relates to certain testimony to the effect that the plaintiff had at its plant an oil stove used to heat a glue pot. If the admission of this testimony in the first instance was error, such error would seem to have been cured by the subsequent admission of testimony to the same effect from the same witness, without objection. However, we are not of the opinion that the admission of such testimony in the first instance was error. The testimony at least tended to establish a link in the chain of proof, or to prove a fact tending to show that the fire might have been caused by other means than those alleged in the complaint. *Bank v. Stack, supra.*

These assignments cannot be held for error.

Assignment of Error No. 7 relates to certain statements of the evidence (exceptions 29 to 32, inclusive), and to certain statements of the contentions (exceptions 33 to 44, inclusive) made by the court in its charge to the jury.

It is a well established rule in this jurisdiction that any substantial error made by the court in the statement of the evidence must be called to the attention of the court at the time such statement is made, in order

to give opportunity to make correction, and the failure to so call the court's attention is a waiver of any right to object and except thereto upon appeal. *Acceptance Corp. v. Edwards,* 213 N. C., 736, 197 S. E., 613, and cases there cited. There was no error in the statement of the evidence called to attention of the court at the time the charge was delivered.

It is also a well established rule with us that any error made by the court in the statement of the contentions of the parties must be called to the attention of the court at the time they are made in order to avail the appellant as an exceptive assignment of error. *S. v. Sinodis,* 189 N. C., 565, 127 S. E., 601, and cases there cited. No exception was noted to any statement of the contentions at the time the charge was delivered.

However, appellant contends that some of the contentions presented by the court were entirely without supporting evidence and therefore should be held for prejudicial error, and relies upon *S. v. Wyont,* 218 N. C., 505, 11 S. E. (2d), 473, and *Cummings v. Coach Co.,* 220 N. C., 521, 17 S. E. (2d), 662. We do not concur in this contention. The exceptions are to the contentions to the effect that (1) no one saw sparks drop on the premises of the plaintiff, (2) that there are many ways in which the fire could have started, (3) that someone might have thrown down a lighted cigarette which started the fire, (4) that the fire might have originated in the boiler room, (5) that the fire might have had its origin from the glue pot heater, and (6) that exploding paraffin cans might have caused the fire. While the evidence in support of some of these contentions is not as strong in some instances as in others, we cannot hold that any of the contentions were entirely without evidential support, as was the case in the cases relied upon by the appellant. In truth, since the burden of proof rested upon the plaintiff to establish the affirmative of the issue—that is, that the fire was caused by sparks negligently emitted from the defendant's engine, and since the defendant contended that the evidence was not sufficient to carry this burden, it would be legitimate for the defendant to contend that it was as logical to conclude that the fire originated from any of the suggested causes, as that the fire originated from the sparks emitted from the defendant's engine, and that therefore the plaintiff having failed to establish the affirmative of the issue by a preponderance of the evidence, the issue should have been answered in the negative.

Assignment of Error No. 8 (covering exceptions 45 to 55, inclusive), relates to the charge of the court upon the law involved in the case.

The first two of these exceptions discussed in the appellant's brief are exceptions 45 and 50 and relate to the statements in the charge to the effect that there was no evidence in the case that the fire originated on the right of way of the defendant railroad. We have read the evidence

closely, with these exceptions in mind, and we find no error in these statements. The evidence of the plaintiff tended to show that the fire originated either under the building or in the building, and the nearest approach to any evidence that the fire was ever on the right of way of the defendant was the testimony of the plaintiff's witnesses Walter Johnson and Ed. Winn. Johnson testified that: "It (the fire) started right there at the right of way," but he immediately preceded this testimony with the statement that: "There wasn't anything burning between the west wall of the plant and the railroad tracks, no more than what was in the building." The west wall of the building being near the edge of the right of way, it clearly appears that the witness did not mean to convey the idea that the building was ignited by a fire burning over the right of way. Ed. Winn testified: "I looked down there and saw a flame of fire burning down there and in just a few minutes the fire alarm blew in town. From where I was the flame of the fire looked pretty close to the railroad tracks." It is not controverted that the west wall of the plaintiff's plant was close to the railroad track and that the fire soon after it was started burned this wall, but the fact that the fire "looked pretty close to the railroad track" is no evidence that the fire had its origin from fire on the right of way. Furthermore, there is no allegation in the complaint that the fire originated on the right of way, or that the right of way was in a foul or negligent condition.

It would seem therefore that the court properly instructed the jury that there was no evidence of the fire having originated on the right of way, and that their only inquiry as to negligence should be as to whether the engine of the defendant was properly equipped, manned and managed. *Williams v. R. R.,* 130 N. C., 116, 40 S. E., 979.

The next group of exceptions discussed in appellant's brief (exceptions Nos. 46 to 49, inclusive, and 50 to 56, inclusive), is also directed to the charge of the court. It is contended by the appellant that it was deprived of the benefit of the rule that when the plaintiff has established by the greater weight of the evidence that the fire which destroyed the plaintiff's property was caused by a spark emitted from the engine of the defendant, that there arose a presumption that the fire was caused by the negligence of the defendant, which would warrant an answer of the issue in favor of the plaintiff, unless the defendant offered evidence in rebuttal showing that the engine was in proper condition, equipped with proper spark arrester, and operated in a skillful manner by a competent engineer.

The excerpt from the charge to which exception 48 is addressed is typical of the excerpts assailed by these exceptions, and reads as follows: "If the plaintiff has failed to satisfy you that this property was destroyed by sparks from the engine of this defendant, then you would

answer the first issue No; that is, you would answer that there was no negligence on the part of the defendant railroad company, and plaintiff could not recover. But, if the plaintiff has satisfied you, by the greater weight of the evidence, that the fire which burned the property of this plaintiff was caused by sparks which came from the defendant's engine, that fact alone would not entitle the plaintiff to have you answer the issue in his favor. The plaintiff must further satisfy you, by the greater weight of the evidence, that the escape of sparks from the engine was due to the negligence of the defendant. But there is this rule of law which the court lays down: if the jury finds from the evidence, and by its greater weight, that fire came out of the defendant's engine and set fire to, and burned up the plaintiff's property, that will make what we call in law a *prima facie* case; not that that fact alone would decide the matter, but if found by the jury, it would be sufficient to carry the case to the jury to determine upon all the evidence whether they are satisfied by its greater weight that the escape of sparks from the engine was due to the negligence of the defendant, as alleged in the complaint."

This statement of the law, as well as the similar statements assailed by other exceptions, is in accord with the law as enunciated in the opinions of this Court. *Mfg. Co. v. R. R.,* 191 N. C., 109, 131 S. E., 268, and cases there cited.

It is true that in some instances the court stated the *prima facie* case shifted the burden to the defendant to rebut the presumption of negligence by "the greater weight of the evidence," or "to satisfy" the jury to the contrary. If these statements were error (and they may be conceded so to be, although precedent seems to exist for them in some of the opinions of this Court), they were error against the defendant, the appellee, since the burden of the issue is never shifted from the plaintiff, and the most the *prima facie* case does, when made out, is to warrant, but not compel, a verdict for the plaintiff and therefore to carry the case to the jury. The defendant may or may not introduce evidence in rebuttal as he elects. If he does not introduce such evidence he takes the chance of an adverse verdict predicated upon the *prima facie* case.

As was said by *Adams, J.,* in *Cotton Oil Co. v. R. R.,* 183 N. C., 95, 110 S. E., 660: "When the plaintiffs proved that the property had been destroyed by fire escaping from the defendant's locomotive, they made a *prima facie* case of negligence for the consideration of the jury; or as *Mr. Justice Pitney* says, such proof furnished circumstantial evidence of negligence; but it did not impose upon the defendant the burden of rebutting the *prima facie* case by the preponderance of the evidence. *Sweeney v. Erving,* 228 U. S., 233. The principle upon which this proposition rests has been stated as follows: 'The burden of the issue, that is, the burden of proof in the sense of proving or establishing the

issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence, never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again. Thus, when the actor has gone forward and made a *prima facie* case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him. So .the burden of going forward may, as to some particular matter, shift again to the first party in response to the call of a *prima facie* case or presumption in favor of the second party. But the party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if upon the whole evidence he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced.' 1 Elliott on Evidence, 139. Standing alone, the *prima facie* case warranted but did not compel the inference of negligence; it furnished evidence to be weighed, but not necessarily to be accepted; it made a case to be decided by the jury, but did not forestall the verdict. *Sweeney v. Erving, supra."*

The correct rule with us as to a *prima facie* case is properly set forth in the third syllabus of *White v. Hines,* 182 N. C., 275, 109 S. E., 31, as follows: "When a *prima facie* case of negligence is made out the jury will be justified in finding for the plaintiff thereon, the burden of the issue remaining on the plaintiff, it being for the jury to determine whether upon the entire evidence the plaintiff has established the defendant's negligence by the greater weight of the evidence, leaving it for the defendant to determine whether it will introduce further evidence or take the chance of an adverse verdict on the issue."

The appellant, in its exhaustive brief, says: "The crowning wrong done the plaintiff in this charge" appears in the following excerpt (exception 54): "the law does not require a railroad company to be the insurer that no live sparks or cinders will come from the engine operated on its tracks, for it is well known that locomotives or engines using coal as fuel cannot be so constructed to prevent all sparks and cinders from escaping and still be efficient as a motive power to operate trains." This was followed by instructions to the effect that if it should be found that the defendant used due care to prevent the escape of sparks and cinders, notwithstanding the fact that if it should be found that the fire was caused by sparks or cinders emitted from the defendant's engine, the jury should answer the issue in the negative, that is, in favor of the defendant.

Whatever else may be said, *pro* or *con,* as to this charge, it is in accord with the decisions of this Court. An early expression to the effect that a spark arrester cannot be constructed so as to prevent the

escape of all sparks without impairing the efficiency of the engine appears in *McMillan v. R. R.,* 126 N. C., 725, as follows: ". . . we know that no spark-arrester can be so constructed as to entirely prevent the emission of sparks, without destroying the efficiency of the engine." This statement is quoted with approval in *Williams v. R. R.,* 140 N. C., 623, 53 S. E., 448. Also in *Williams v. R. R.,* 130 N. C., 116, 40 S. E., 979, it is said: "The simple fact that the engine emitted black smoke and some sparks . . . is not such evidence of negligence, if any evidence at all, as should have been submitted to the jury to prove negligence, as it is shown that all engines emit some smoke and sparks. In fact, it is shown they cannot 'live' and work without doing so." Again in *Moore v. R. R.,* 173 N. C., 311, 92 S. E., 1, it is said: "It would be dangerous and might lead to great injustice" to hold or make "the railroad company an insurer of all the property along the right of way, unless it can show that the fire was not caused by its engine." And in *Aman v. Lumber Co.,* 160 N. C., 370, 75 S. E., 931, it is said: "The best constructed engines may sometimes emit live sparks." And in the later case of *Mfg. Co. v. R. R.,* 191 N. C., 109, 131 S. E., 268, we find: ". . . the law does not require railroad companies to prevent the escape of fire from engines entirely, but only to use reasonable care to prevent such escape. . . ."

In the oft cited case of *Williams v. R. R., supra, Clark, C. J.,* states "the rules of negligence applicable to cases of this kind," and states as the first rule: "If fire escapes from an engine in proper condition, having a proper spark-arrester, and operated in a careful way by a skilful and competent engineer, and the fire catches off the right of way, the defendant is not liable, for there is no negligence."

Since the excerpt in the charge assailed by exception 54 is in conformity with the precedents of this Court, we cannot concur in the contention of the appellant that it has been done any wrong thereby, and are impelled to overrule the exception.

Exception 56 is not set out in appellant's brief and is therefore taken as abandoned. Rule 28, Rules of Practice in the Supreme Court, 213 N. C., 825.

Exceptions 57 and 58 are formal, being directed to the court's refusal to set aside the verdict and to the signing of the judgment, and require no discussion other than has been made under the exceptions preceding them.

The record in this case pictures vividly a hotly contested trial between able, learned, experienced and skillful lawyers, conducted in accord with the best traditions of our bar, presided over by a fair and impartial judge, before a jury of "good men and true," wherein the vital issue was answered in favor of the defendant. We have weighed each of the

58 exceptions preserved, grouped in the appellant's brief under eight assignments of error, and find no prejudicial error.

No error.