THAYER *v.* LEASING CORP.

---

WILLIAM BROOKS THAYER, ADMINISTRATOR OF FRANCES MOORE THAYER, DECEASED v. CHRYSLER LEASING CORPORATION, FRANK EDWARD MILLER, JR. AND ECHLIN MANUFACTURING CO.

No. 6910SC274

(Filed 23 July 1969)

**1. Death § 7— wrongful death action — damages — evidence of future job**

In an action for the wrongful death of plaintiff's decedent, a housewife, evidence of conversations between the decedent and her husband relating to her return to work after their son began school was speculative and remote on the issue of damages, and the evidence was properly excluded.

**2. Death § 7— wrongful death — future earning capacity**

In determining future earning capacity, prior earnings are admissible in evidence if there is a reasonable relation between past and probable future earnings.

**3. Death § 7— wrongful death — future earnings — evidence**

Where there was no evidence that the decedent, a housewife, intended to return to work at her former position at a state university, evidence as to the present salary range of the position is properly excluded on the issue of future earning capacity.

**4. Automobiles § 102— liability of employer — respondeat superior — vacationing employee**

Employer is not liable under doctrine of *respondeat superior* for the death of plaintiff's decedent in an automobile accident with its vacationing employee merely because the employee had the right to the off-duty use of the employer's leased automobile.

**5. Damages § 16; Death § 7— wrongful death — instructions — purchasing power of dollar**

In wrongful death action, it was not necessary or proper for the trial judge to instruct the jury that the purchasing power of the dollar has diminished in the last few years.

APPEAL by plaintiff from *Hobgood, J.,* First November 1968 Civil Session of Superior Court of WAKE County.

There were three other related cases consolidated with this case for trial by agreement, all arising out of the same automobile collision. In one case, the jury awarded William Brooks Thayer $30,790.00 for his personal injuries. In another, William Brooks Thayer was awarded $2,493.40 for medical expenses incurred, and loss of services sustained due to his son's injuries. In the other, the son, William David Thayer, was awarded $35,000.00.

This action was instituted by the plaintiff to recover for the wrongful death of Frances M. Thayer. The plaintiff also seeks to

recover for Mrs. Thayer's medical and hospital expenses and for her pain and suffering prior to her death.

Mrs. Thayer died as a result of injuries received in an automobile collision which occurred about 4 o'clock P.M. on 5 July 1965 on N.C. Highway 49 about six miles west of Asheboro in Randolph County. She was a passenger in a car driven by her husband when it was struck by an automobile owned by Chrysler Leasing Corporation (Chrysler) and being driven by Frank Edward Miller, Jr. (Miller), an employee of Echlin Manufacturing Co. (Echlin). The automobile was leased by Chrysler to Echlin, and was assigned by Echlin to Miller for his use on both company and personal business. In the event that Miller should use the automobile on personal business, he was to repay Echlin at the rate of 3¢ per mile in addition to gas and oil. At the time of the collision, Miller was on vacation but was driving the company car. There is no evidence that Miller ever reimbursed Echlin for his personal use of the company car. The collision occurred when Miller drove to his left to pass a car pulling a boat that was in front of him. The Thayer automobile was traveling east, the Miller car was traveling west and they collided headon when the Miller car had gotten about mid way past the boat trailer. At the time of the collision, Miller was carrying Echlin literature in the automobile. Mrs. Thayer was taken to a hospital in Asheboro where she died some hours after the wreck.

At the close of the evidence the trial court allowed defendant's motion of nonsuit as to Echlin. The following issues were submitted to the jury in this case:

"1.  Was Frances Moore Thayer killed by the negligence of the defendant Frank E. Miller, Jr., as alleged in the complaint?

2.  At the time of the collision, was the defendant, Frank E. Miller, Jr., employed by the defendant Chrysler Leasing Corporation, and was he acting within the scope of his employment?

3.  What amount, if any, is the plaintiff administrator entitled to recover of the defendants, or any of them, for the pain and suffering endured by Frances Moore Thayer before her death?

4.  What amount, if any, is the plaintiff administrator entitled to recover of the defendants, or any of them, for the wrongful death of Frances Moore Thayer?"

The jury answered the first issue, yes; the second issue, no; the

third issue in the amount of $1,116.50; and the fourth issue in the amount of $7,500.00.

From the judgment that the plaintiff have and recover of the defendant Frank E. Miller, Jr., the sum of $8,616.50 together with the costs of the action, the plaintiff appeals to the Court of Appeals, assigning error.

*Purrington, Joslin, Culbertson & Sedberry by Charles H. Sedberry for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Grady S. Patterson, Jr. for defendant appellees.*

MALLARD, C.J.

The plaintiff asserts that the following questions are presented on this appeal:

"1. Did the trial court err in refusing to allow into evidence the discussions and decision that had been reached by the plaintiff and his wife concerning her return to work after their son started to school?

2. Did the trial court err in refusing to allow into evidence the amount, as of the time of trial, to which the State of North Carolina had increased the salary, solely by reason of general wage increases without regard to merit, of a person who held the same position at North Carolina State University that Mrs. Thayer held on December 31, 1962?

3. Did the trial court err by allowing the motion of Echlin Manufacturing Company for judgment as of nonsuit?

4. Did the trial court err in refusing to hold that Echlin Manufacturing Company would be liable to the plaintiff if the jury should find from the evidence that the automobile being operated by defendant Miller was provided and maintained for him and entrusted to him on a full time basis by Echlin Manufacturing Company with authority to operate it for the business of Echlin and for the personal use, pleasure and convenience of defendant Miller?

5. Did the trial court err in failing to instruct the jury that they should consider changes in cost of living or in purchasing power of money in determining the amount of damages plaintiff is entitled to recover?"

Considering the first two questions presented, we find the ·following in *Bank v. Stack,* 179 N.C. 514, 103 S.E. 6 (1920):

"The relevancy of evidence is frequently diffcult to determine, . . . All the authorities are agreed that if the evidence is merely conjectural or is remote, . . . it should be rejected, . . ."

**[1-3]**     In the case before us, the evidence which the plaintiff sought to introduce relative to Mrs. Thayer's return to work at some future date and of increases in salary was too remote to be of any probative value in assessing the damages suffered by. the plaintiff. Mrs. Thayer was a housewife at the time of the collision and the evidence in this case of conversations between her and her husband, and his conclusions with respect thereto, relating to her return to work after their son began school was merely speculative and conjectural as to whether she would in fact return to work. Exclusion of this evidence was not error. *Fox v. Army Store,* 216 N.C. 468, 5 S.E. 2d 436 (1939). The ·plaintiff was allowed to introduce evidence of the amount of salary Mrs. 'Thayer was earning at the time she resigned to have ˏher baby, but was not allowed to introduce into evidence what her salary probably ˏwould have been had she remained employed. "In determining future earning capacity, prior earnings are admissible in evidence if there is a reasonable relation between past and probable future earnings." *Smith v. Corsat,* 260 N.C. 92, 131 S.E. 2d 894 (1963). In the present case, there is no evidence that Mrs. Thayer in fact intended to return to work at her old position. It was not error for the trial judge to exclude evidence as to the present salary range of Mrs. Thayer's old position at North Carolina State University. See also note in 18 N.C.L.R. 239 as to admissibility of prior earnings in determining future earning capacity.

On the motion of nonsuit as to Echlin, the trial judge was required to take plaintiff's evidence in its most favorable light. When so viewed, all the evidence affirmatively discloses that Miller was on vacation at the time of the collision and was not acting within the course and scope of his employment with Echlin.

**[4]**     The fourth question raised by the appellant presents the contention that the family purpose doctrine should be extended to include the situation presented by the present case. We do not think that the doctrine of respondeat superior (out of which the family purpose doctrine grows) should be extended to a point where an employer is liable, nothing else appearing, merely because an employee has the right to use an automobile leased by it when the em-

ployee is off duty. The automobile involved here was owned by Chrysler Leasing Corporation.

**[5]**   In considering the fifth and final question presented by the appellant, suffice to say, we are of the opinion and so hold that it was not necessary or proper for the trial judge to instruct the jury that the purchasing power of the dollar has diminished in the last few years. We have carefully reviewed all the assignments of error and find no prejudicial error.

For the reasons stated, the judgment of the trial court is

Affirmed.

BRITT and PARKER, JJ., concur.